JUNG *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 20,039. Filed June 25, 1964.]

*Frank M. Fish,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellee, Review Board.

HUNTER, C. J.—This is an appeal from a decision of the Review Board of the Indiana Employment Security Division denying the claimant-appellant benefits under the Employment Security Act.

The issue before the Board was whether the appellant Esther Helen Jung left her employment voluntarily with good cause. The referee held that appellant had good cause for leaving her employment and appellee Guthrie's Office Equipment, Inc. appealed to the Review Board on the record of the evidence made before the referee. The Board thereupon reversed the decision of the claims referee, and held that the appellant left her employment voluntarily and without good cause, and denied her the unemployment benefits for which she had applied.

As a part of its findings the Board found that the president of the appellee Guthrie's Office Equipment, Inc., received a letter from the claimant appellant by mail under date of October 16, 1962 which reads as follows, to-wit:

"Because I have been replaced at my regular job, I will not be at work. Effective 10/17/62. Respectfully (claimant)."

The appellant contends and the appellee Board does not deny, and in fact, admitted in oral argument that said letter does not appear in the evidence. No explanation has been made as to any circumstances warranting the Board in finding said purported letter as an ultimate fact, nor was any writ of certiorari prayed for to incorporate any such letter in the record evidence. We must therefore conclude that no such letter was received in evidence in the trial of this cause.

We are not apprised, of course, as to what, if any, influence said letter, or any permissible inferences therefrom, may have exerted upon the members of the Board in arriving at its expressed conclusions in this case. We are convinced, how-

ever, that said purported letter possessed some influence in the decision of the Board, because, otherwise there would be no logical reason or necessity for its presence as an ultimate fact found by the Board. In any event if substantial justice is to be obtained, there must appear no possibility nor opportunity that evidence extraneous the record may serve as any part of the factual foundation upon which the conclusion and ultimate determination of the Board may be premised.

Not only is this finding important in this case because this purported letter is *de hors* the record, but also, if such a letter exists, appellant was denied the right to cross-examine the witness concerning the same. 30 I. L. E., *Witnesses*, §123, p. 120.

In addition, the reasons an employee gives in the letter of resignation from employment have great weight in the inferences to be drawn therefrom relative to the matters surrounding the termination, as was held in *Nordhoff* v. *Review Board, etc., et al.* (1959), 130 Ind. App. 172, 162 N. E. 2d 717. It is therefore submitted that such a letter, if any, should be in evidence before found as a fact by appellee Review Board.

The record evidence presented to us is of such nature and capable of such inferences that in the presence of an *unoffered and unadmitted document* in the form of a letter, the existence of which, is found by the Board as an ultimate fact, we are rendered incapable of making a sound and justifiable determination as to whether the finding of the Board is sustained by sufficient and competent evidence of probative value.

While it may be conceded that in matters of review such as here presented, this Court may not disturb the decision of the Board "unless reasonable men ■ would be bound to reach a different conclusion on the evidence," nevertheless we deem it fair and appropriate to observe that it is readily apparent from the record that the appellant claimant was faced with a dilemma of: (1) being forced to vacate her position as a clerk in favor of the son of her employer, and take over the responsibilities and extra duties of a job that she was unfamiliar with and which she did not consider that she was capable of fulfilling and was convinced she could not perform to the benefit of her employer, a job that she neither had an opportunity to accept or reject, or (2) leave the employment of the appellee Guthrie's Office Equipment, Inc.

In any event after a very careful review of the evidence received by the referee, the only evidence in this case, it is difficult for this Court to perceive ■ on what rationale the Board entered its narrative recital of its findings of facts in reversing the referee's decision. The record of the evidence of probative value does not sustain the Board's findings and determination.

The decision of the Board of Review is therefore reversed and this cause is remanded to the Board for further proceedings not inconsistent herewith.

Kelley, Mote and Pfaff, JJ., concur.

NOTE.—Reported in 199 N. E. 2d 476.