JENKINS *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 20,154. Filed August 20, 1964.]

*Lloyd L. Dewester, Jr.,* and *Ross P. Walker,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Keith*

*Campbell,* Deputy Attorney General, for appellee, Review Board.

HUNTER, C. J.—This was a proceeding before the Review Board of the Indiana Employment Security Division to determine the eligibility of the claimant, the appellant George W. Jenkins, under the Indiana Employment Security Act.

The appeals referee and the Review Board, with one member dissenting affirmed the determination of the local deputy that the appellant is ineligible for benefits under the Indiana Employment Security Act.

This matter is before us on a petition to remand filed by the appellee Board of Review.

Upon an examination of said petition and transcript of the record in this cause, we find that the decision of the referee and the Review Board was predicated upon a certain collective bargaining agreement as follows:

   (a) Potter & Brumfield Division of American Machine & Foundry Co. Agreement with Local Lodge No. 1459 of the International Association of Machinists, A. F. L. - C. I. O., March 21, 1963. (Transcript, p. 30).

However, we find that said collective bargaining agreement was never offered, admitted or placed in evidence before said referee or the Board. This Court stated in the case of *Jung* v. *Review Board of Indiana Employ. Sec. Div.* (1964), 136 Ind. App. 248, 199 N. E. 2d 476 ". . . there must appear no possibility nor opportunity that evidence extraneous the record may serve as any part of the factual foundation upon which the conclusion and ultimate determination of the Board may be premised."

It is now therefore ordered that this cause be remanded to the Review Board of the Indiana Employment Security Division for further hearing with instructions to entertain the introduction into evidence of said collective bargaining agreement and any other unoffered and unadmitted written instruments which heretofore may have been considered by the Board in its determination of the issue.

Remanded.

NOTE.—Reported in 200 N. E. 2d 643.