## OLLIE THOMAS v. REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION AND SCHLANGEN GUARD & SECURITY SERVICE.

[No. 671A106. Filed November 3, 1971.]

*Julius E. Smith,* Legal Services of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—This is an appeal from a decision of the Review Board of the Indiana Employment Security Division denying the claimant-appellant benefits under the Employment Security Act.

Appellant Ollie Thomas (hereafter Claimant) filed his application for unemployment compensation benefits on November 12, 1970. This application stated his last employment had ended in May of 1970. The claims deputy made an initial determination of ineligibility, finding Claimant had voluntarily left work without good cause. Claimant appealed this decision to a referee. A hearing was held on February 15, 1971, at which testimony was taken. The referee sustained the decision of the deputy.

Claimant then appealed to the Review Board, which held a hearing on the transcript of the referee hearing. The Review Board affirmed the referee.

The issue before the Board to be determined was whether the appellant, Ollie Thomas, voluntarily left work without good cause, not attributable to the employer. The deputy held that appellant did leave work voluntarily without good cause, not attributable to the employer, Schlangen Guard and Security Service.

The appellant appealed to a referee, and a hearing was held on February 15, 1971, at which the appellant testified. The only evidence before the referee was the appellant's

testimony and four exhibits, composed of forms No. 500, 506-B-, UC-511, and 601; the employer did not appear.

All the forms are those of the Employment Security Division and are regularly filed by an applicant requesting benefits.

On March 5, 1971, appellant was mailed a corrected decision by the referee, which concluded:

> "The claimant appealed a deputy's determination, dated December 16, 1970, that held the claimant left work voluntarily without good cause attributable to the employer. Claimant appeared in person. Employer did not appear. "The undisputed testimony was that the claimant had earned his maximum amount with Social Security and attempted to make arrangements with the employer, but could not do so. The claimant's income was limited after the maximum amount of Social Security could be drawn.

> "DECISION: The determination of the deputy is hereby sustained. The statutory penalty applies."

From this referee's decision the appellant filed an appeal to the Review Board, Indiana Employment Security Division. The Review Board heard this appeal on March 30, 1971. Appellant and appellee appeared and oral argument was heard on the record. The record shows on its face no new or additional evidence was heard.

On April 12, 1971, the Board affirmed the decision of the referee and stated findings and conclusions, to-wit:

## "FINDINGS AND CONCLUSIONS

(A) "The Review Board finds that claimant filed an initial claim for benefits on November 12, 1970, indicating that he has last worked in May 1970, and his unemployment was due to retirement.

(B) "It further finds that claimant does not wish to earn more than $1680, the amount of his Social Security Benefits, during a calendar year.

(C) "It further finds that claimant advised his employer he would be back to work the first of 1971, but he failed to return.

(D) "The Review Board concludes that claimant left his work voluntarily without good cause attributable to the employer within the meaning of the Act.

## DECISION

(E) "The decision of the referee is hereby affirmed this 12th day of April, 1971."

The appellant contends, and such contention is not denied, that no explanation has been made as to any circumstances warranting the referee in finding that the appellant had earned his maximum amount with Social Security.

With this we must agree, no evidence had been submitted which would have even raised an inference that this was a fact. None of the employer's records were before the referee.

The appellant contends that we must follow the case of *Jung* v. *Review Board of the Indiana Employment Security Div.* (1964), 136 Ind. App. 248, 199 N. E. 2d 476. In the *Jung* case the decision of the Review Board seemed to have been based on evidence, a part of which was a letter that was never received in evidence, which purported letter, in the court's opinion, possessed some influence in the decision of the Board because, otherwise, there would be no logical reason or necessity for its presence as an ultimate fact found by the Board.

The case at bar is distinguished from the *Jung* case in that the appellant there argued his evidence was omitted from the record. No extraneous evidence was admitted, and the *Jung* case does not apply.

And, further, in the *Jung* case the Review Board was attacked as having committed error for having considered such a letter, if any, and the court stated the letter should be in evidence before found as a fact by appellee Review Board.

In the case at bar the referee's findings and conclusions, a part of which have heretofore been set out in this opinion,

did find the evidence was undisputed that the claimant had earned his maximum amount with Social Security, which finding of the referee is, in our opinion, erroneous.

It is the decision of the Review Board that is here being considered and not the referee's decision.

The Review Board is presumed to have considered and reviewed the prior evidence. They had a right to hear and consider additional evidence which according to the record was not offered by either of the parties who were in attendance.

There was evidence before the referee to support the Review Board's conclusion that appellant "left his work voluntarily without good cause attributable to the employer."

Appellant's brief contends that Captain Willoughby, an employee of the appellee Schlangen Guard & Security Service, unjustly discharged the appellant. We are unable to find in the record any evidence where Captain Willoughby discharged the appellant.

The record does disclose that some person who was not named was present when appellant was talking with Mr. Schlangen's daughter about his income and this unidentified person told the appellant "If you can't work you are fired."

There is no further evidence that appellant was fired, on the contrary, the evidence discloses that appellant went in and told Mr. Schlangen "I was coming back the first of the year, and after he fired me I didn't go back."

Appellant said he was able to return to work in November or could have gone to work in December and although he left his employment in May he never filed for his benefits until November.

The law is so well settled that this court does not weigh the evidence that it needs no citation of authority. We are confined to considering the decision of the Review Board.

Now that we have determined that there was sufficient evidence in the record on which the Review Board made its finding, its finding cannot be turned over by this court. For us to hold otherwise, we would necessarily have to weigh the evidence.

Appellant's brief *de hors* the record, which practice this court does not appreciate, nor will it tolerate.

Appellant's specification 2 that the deputy, referee, and Review Board based their conclusion on Form 500, wherein it is indicated that appellant's reason for unemployment is due to retirement, " * * * and said form was filled out completely in interviewer's hand, although appellant signed the form afterward" is without evidence as to this point. The same is a conclusion of the appellant, is without merit and shall not be considered.

Point 3 being that the affirming of the referee's decision when the employer failed to appear at the referee's hearing and the appellant's testimony at said hearing was clearly undisputed that appellant was, in fact, discharged from his work with cause attributable to his employer, is error, a denial of due process and a deprivation of property without due process of law.

*Warren* v. *Ind. Tel. Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, is an appeal from an administrative body, vested with quasi-judicial powers, namely, the Industrial Board of Indiana, which is not a court:

"The Industrial Board of Indiana is not a court; it is an administrative body, vested with quasi-judicial powers. *In re Ale* (1917), 66 Ind. App. 144, 117 N. E. 938; *Frazer* v. *McMillin & Carson* (1932), 94 Ind. App. 431, 179 N. E. 564; *Inland Steel Co.* v. *Pigo* (1932), 94 Ind. App. 659, 182 N. E. 279. As an administrative agency, the board is properly vested with power to determine facts, and the exercise of that power meets the requirements of due process of law, so far as the function of determining facts is concerned. It is not necessary to the exercise of due process that the facts be determined by a court, so long

as there is provided or exists an opportunity for a judicial review."

The Review Board of the Indiana Employment Security Division is a duly authorized administrative body with quasi-judicial powers and meets the requirements of the due process law as does the Industrial Board of Indiana. It cannot be denied that judicial review is provided where the facts are determined by an administrative agency and this court has entertained the appeal from the Review Board, all of which meets the requirements of due process. There is no merit in appellant's third specification of error.

Appellant had notice of the hearings and personally attended them. In fact, the referee who heard the evidence before the commencement of the hearing, in order to protect all parties, made the following record, to-wit:

"Let the record show this is claimant's appeal in Case No. 70-A-6036, wherein claimant is appealing deputy's determination issued December 21, 1970, that held the claimant voluntarily left work without good cause attributable to the employer.

"Claimant appears in person.

"Employer fails to appear.

"The Referee, on his own motion, moves that all pertinent papers in the file consisting of Division forms be numbered consecutively and made a part of the record. Let the record further show this is over the objections of the parties for the protection of their rights on appeal."

The Claimant having had notice of the hearings and having personally attended them and the referee before whom a hearing was held having made the record on his own motion for the protection of Claimant and the appellee, completely wipes out Claimant's specification that there was lack of due process. This court finds it hard to conceive any stronger notice or protection than was given to Claimant in this cause.

Finding no reversible error the decision of the Review Board is affirmed.

Sullivan, P. J., Buchanan and Robertson, JJ., concur.

Note.—Reported in 274 N. E. 2d 533.