CLARA A. CORNELL *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION; WILLIAM H. SKINNER; J. FRANK HANLEY II; AND RALPH F. MILES, AS MEMBERS OF AND AS CONSTITUTING THE REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, AND NOBLESVILLE SCHOOL SYSTEM.

[No. 2-578A169. Filed January 3, 1979.]

*Timothy J. Kennedy, Sutherlin, Kennedy & Miller,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Michael Gene Worden,* Deputy Attorney General; *Jack G. Hittle, Church, Roberts & Beerbower,* of Noblesville, for appellee-Noblesville School Systems; *Robert W. Rund,* of Indianapolis, for Amicus Indiana School Boards Association.

STATON, J.—Near the close of the 1976-77 school year, officials of the Noblesville School System indicated to teacher Clara Cornell that she would not be offered a contract for the next school year as a result of her numerous tardy arrivals to work. At the suggestion of school officials, Cornell tendered a letter of resignation effective the final day of the 1976-77 school year. She then filed a claim for unemployment security benefits. The Review Board denied her claim on the basis that she was discharged[1] for just cause connected with work. Cornell appeals

---

1. We note that Cornell was not "discharged" in the common sense of the word. Rather she was not offered a new contract for the next school year. However, the question whether she qualified for unemployment security benefits is determined on the basis of whether Cornell was unemployed through no fault of her own, whether by discharge or lack of contractual opportunity. IC 1971, 22-4-1-1 Ind.Ann.Stat. § 52-1525 (Burns Code Ed.).

from that decision and asserts that the Review Board's decision is contrary to law on two bases:

(1) That the evidence does not support the Board's findings of fact.

(2) That the findings of fact do not support the conclusion reached by the Board.

The decision of the Review Board is affirmed.

## I.

### Findings of Fact-Conclusions of Law

The Review Board made the following findings of fact and conclusions of law:

"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant was employed as a teacher during the academic year of 1976-1977 and that claimant's contract as a teacher expired during the week ending May 28, 1977.

"It further finds that claimant, during the school year, was tardy for work approximately 36 times and on or about April 1, 1977, was given the alternative of resigning or being dishcarged at the expiration of her term of contract.

"It further finds that claimant was not tardy after February 7, 1977, and that claimant was allowed to continue to teach until the expiration of her contract.

"The Review Board concludes that since the claimant was given the alternative of resigning or being discharged and that claimant was, in fact, discharged by the employer effective week ending May 28, 1977. [*sic*]

"It further concludes that claimant's past record of tardiness caused the employer to inform claimant on or about April 1, 1977, that her teaching contract would not be renewed for the following year.

"The Board concludes that the employer has sustained its burden of proof and shown that claimant's discharge was for just cause in connection with work within the meaning of the Act due to claimant's excessive record of tardiness."

The Board thus found that Cornell was tardy in arriving at work on approximately thirty-six occasions, that the Noblesville School System

officials discharged her because of her many late arrivals, and that Cornell's excessive tardiness constituted just cause for her discharge.

We note at the outset that our review of Employment Security Review Board decisions, unlike those of most administrative agencies, is governed by special statutory provisions.[2] According to IC 1971, 22-4-17-12, Ind.Ann.Stat. § 52-1542k (Burns Code Ed.):

> "Any decision of the review board shall be conclusive and binding as to all questions of fact. Either party to the dispute, the board or the director may, within thirty [30] days after notice of intention to appeal as herein provided, appeal the decision to the Appellate Court [Court of Appeals] for errors of law *under the same terms and conditions as govern appeals in ordinary civil actions.*" (Emphasis added).

Accordingly, the scope and standard of review to be applied by us here is identical to that which we employ in our examination of factual and legal determinations made in the course of a civil lawsuit.

## II.

### Findings of Fact

The Review Board's determination that Cornell was tardy in arriving at work approximately thirty-six times constitutes a "finding of basic fact." *Gold Bond Bldg. Prod. Div., Etc. v. Review Bd., Ind.* (1976), 169 Ind.App. 478, 349 N.E.2d 258, 263. Cornell specifically contends that the evidence does not support this finding reached by the Board.

As previously noted, the Review Board's decision as to questions of fact is "conclusive and binding." IC 1971, 22-4-17-12, Ind.Ann.Stat. § 52-1542k (Burns Code Ed.). Consequently, our review of such decisions is a limited one. We will examine only that evidence and the reasonable inferences therefrom favorable to the Board's decision. From that viewpoint, we will not disturb the factual determination of the Review Board unless reasonable men would be

---

2. An analysis of recent developments in this sometimes confusing area of law is provided in Utkin, *Administrative Law, 1977 Survey of Recent Developments in Indiana Law*, 11 Ind.L.Rev. 20, 23.

bound to reach a decision different from that made by the Board. *Skirvin v. Review Bd. of Indiana Employ. Sec. Div.* (1976), 171 Ind.App. 139, 355 N.E.2d 425, 428; *Achenbach v. Review Board of Indiana Emp. Sec. Div.* (1962), 242 Ind. 655, 660, 179 N.E.2d 873, 876.

An examination of the record compiled at the hearing before the referee reveals the following evidence concerning Cornell's lack of punctuality as a teacher at Connor Elementary School in the Noblesville School System. Principal Vernon Thornburg testified that he had made written entries on a daily basis of those occasions when he had personal knowledge that Cornell was tardy. Thornburg compiled these daily entries in a summary of Cornell's tardiness record. The summary revealed that Cornell was late to school thirty-six times: fourteen times in September, three times in November, twelve times in December, five times in January, and twice in February. It was admitted into evidence without objection from Cornell.

Cornell maintains on appeal that we should accord little or no probative value to the summary compiled by Thornburg since its contents were hearsay. Cornell further contends that the summary constituted the entire evidentiary basis for the Board's finding.

Without question the summary compiled by Thornburg constitutes hearsay and would not be admissible under any of the exceptions to the hearsay rule. However, Cornell's failure to object to the admission of the document is fatal to her contention that we should consider the summary to be of little probative value.

In Review Board hearings, the admission and exclusion of evidence as a general rule is committed to the sound discretion of the hearing referee. *Gold Bond Bldg. Prod. Div., Etc. v. Review Bd., Ind., supra* at 267. This discretion vested in the referee flows from Indiana Administrative Rule and Regulation (22-4-17-3)-1 (Burns Code Ed.), which the Employment Security Review Board adopted pursuant to the powers delegated to the Board in IC 1971, 22-4-19-1, Ind.Ann.Stat. § 52-1544 (Burns Code Ed.).[3] Administrative Rule and Regulation (22-4-17-3)-1 reads in relevant part:

3. The statute confers upon the Board the "power and authority to adopt, amend,

"All hearings shall be conducted informally in order to determine the substantial rights of the parties. The parties may present such evidence as the referee deems necessary for determining the substantial rights of the parties. * * * In general, rules of evidence and procedure for the trial of civil causes shall govern proceedings before a referee or the review board, but not to such an extent as to obstruct or prevent a full presentation of fact or to jeopardize the rights of any interested party. * * *

"In general, hearsay evidence shall not be considered, but the referee shall consider all such hearsay evidence as would be admissible under common law and statutory rules of evidence of courts in this state and may, in his discretion, consider all hearsay evidence of whatever nature to which timely objection is not made by an 'interested party'."

Cornell, the "interested party" here, made no objection to the admission of the hearsay evidence, nor does she contend on appeal that the referee abused his discretion by admitting the evidence. Her contention that this Court on appeal should consider the summary to be of little or no probative value simply because it is hearsay would result in the incongruity of this Court arbitrarily ignoring evidence on appeal which, by statute and regulation, was in the Review Board's discretionary power to consider in making its determination. Absent a showing that the referee abused his discretion, this Court will base its determination of the sufficiency of the evidence on that same evidence considered by the Review Board.

 According to the well-established rule in Indiana:

"[w]here incompetent evidence has been admitted without objection or exception it may be considered upon appeal in determining the sufficiency of the evidence notwithstanding it should have been excluded upon proper and timely objection." (Citations omitted.)

*Page v. Board of Commissioners of County of Clay* (1973), 155 Ind. App.

---

or rescind such rules and regulations . . . and take other such action as it may deem necessary or suitable to the proper administration of this act." According to IC 1971, 22-4-17-6 Ind.Ann.Stat. § 52-1542e (Burns Code Ed.), regulations adopted by the Board regarding the manner and procedure in which claims are to be presented need not conform to common law or statutory rules of evidence and procedure.

215, 223, 292 N.E.2d 254, 258; *Hinshaw v. Waddell* (1957), 128 Ind.App. 67, 72, 142 N.E.2d 640, 643. An administrative agency's decision may not, however, be based solely on hearsay evidence. *C.T.S. Corporation v. Schoulton* (1978), 270 Ind. 34, 383 N.E.2d 293, *rev'g* Ind.App., 354 N.E.2d 324 (1976) (Buchanan, C.J. dissenting).

Unlike *Schoulton*, however, and contrary to Cornell's contention, other evidentiary support is present in the record to sustain the finding of the Board. Principal Thornburg had conducted mid-year teacher evaluations of his faculty members at Connors Elementary School. On Cornell's form, which both Thornburg and Cornell signed, Thornburg had written the words "Mrs. Cornell has been late often." A second and final evaluation followed on April 1, 1976. Thornburg informed Cornell at that time that she would not be rehired for the reason written on the evaluation form: "Your many late arrivals to work are unacceptable." Thornburg was positive in his recollection that Cornell was tardy more often than other teachers, and recalled that on one occasion another teacher had asked him, "Is Mrs. Cornell ever going to be on time?" Cornell did not provide specific rebuttal evidence to particular times and dates on Thornburg's "summary" of her tardy arrivals. She did admit to occasional late arrivals, noting the severity of the winter and problems with automobiles.

This evidence and the reasonable inferences therefrom was sufficient to support the finding made by the Board that Cornell was tardy in arriving at work on approximately thirty-six occasions.

### III.

### Conclusions of Law

Cornell contends that the Review Board's conclusion that she was discharged for just cause connected with work is not supported by the findings of fact made by the Board. Specifically, Cornell maintains that the Board's findings that she was not tardy after February 7, 1977, and that she was allowed to continue to teach during the remainder of the school year indicate that she was not fired because of her tardy arrivals.

On appeal, the inquiry into the relationship between the findings of fact and conclusion is denominated a "question of law." *Gold Bond Bldg.*

*Prod. Div., Etc. v. Review Bd., Ind.* (1976), 169 Ind.App. 478, 349 N.E.2d 258, 263. Our examination is limited to determining whether the conclusion is "reasonable" in light of the findings of fact reached by the Board. *Id.*

The Board's finding that Cornell was allowed to continue her teaching duties until the end of the school year does not *ipso facto* negate the causal relationship between her numerous late arrivals and her discharge. It is common practice for school administrators to allow a teacher to fulfill the duration of a teaching contract after a decision has been made not to rehire the teacher for the next school year. This practice stems from an educational philosophy often described as "continuity of instruction," the belief that children function best in the classroom when a familiar and constant tutelage is preserved. The validity of this policy was recognized by the United States Supreme Court in *Cleveland Board of Education v. Lafleur* (1974), 414 U.S. 632, 641, and is reflected in Indiana's statutory scheme for the termination of tenured teachers' contracts.[4] The considerations which underlie the policy were of particular import here. Cornell's second grade students, children of tender years still enduring the sometimes traumatic shift from their mother's care to the less protective schoolroom culture, were spared the additional burden of adjusting to a new teacher with an unfamiliar methodology and manner.

Nor does the fact that Cornell was never tardy for work subsequent to February 7, 1977, undermine the validity of the Board's conclusion that her dismissal resulted from her numerous late arrivals. The mid-year teacher evaluation which principal Thornburg conducted culminated in a January 13, 1977, conference between Cornell and Thornburg. Cornell was informed that her evaluation in that area denominated "The Educator as a Professional" was marked down because of her tardiness. Cornell asked if "it would be possible for this to be corrected" and Thornburg said "Yes." Cornell was then tardy four times in the following three weeks.

---

4. IC 1971, 20-6.1-4-10 (Burns Code Ed., Supp. 1978) delineates the grounds for which teachers holding indefinite contracts (tenure) may be discharged. Of the six statutory grounds for discharge enunciated there, only immorality and insubordination justify the immediate cancellation of the teacher's contract. The statute provides that in all other cases, "the cancellation is effective at the end of the school term following the cancellation."

Warnings given to an employee prior to absence or tardiness have been held to justify the inference that the continued absence or tardiness was the result of the employee's wilful and wanton indifference to the best interests of the employer, thus constituting just cause for dismissal. *White v. Review Board of Indiana Emp. Sec. Div.* (1972), 151 Ind.App. 426, 430, 280 N.E.2d 64, 67; *Indiana Bell Tel. Co. v. Review Bd. of Ind. Emp. Sec. Div.* (1969), 145 Ind.App. 144, 147, 250 N.E.2d 24, 25. In the latter case, the employee's thirty six tardy arrivals coupled with warnings by the employer were held sufficient to justify her dismissal. *Id.* IC 22-4-15-1 (Burns Code Ed.), which defines the types of employee misconduct which constitutes "discharge for just cause", has been amended since the holdings in *White* and *Indiana Bell Tel. Co., supra,* to include unjustified absences and tardiness.

While Cornell contends that her record of tardiness was not instrumental in the decision of Noblesville school officials not to offer her another contract, she offers no evidence or explanation to indicate otherwise. Based on the evidence in the record, we cannot say that the conclusion reached by the Review Board that dismissal resulted from her tardiness was unreasonable. Accordingly, we affirm the decision of the Review Board.

Garrard, P.J., and Hoffman, J., concur.

NOTE—Reported at 383 N.E.2d 1102.