Barbara J. SHOUP, Appellant-Claimant,

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION,
William H. Skinner and David L. Adams
as Members of and as constituting the
Review Board of the Indiana Employ-
ment Security Division,

and

Dolco Packaging, Employer,
Appellees-Defendants.

No. 2-879A246.

Court of Appeals of Indiana,
Third District.

Jan. 28, 1980.

Yvonne K. Stam, Fort Wayne, for appellant-claimant.

Theo. L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellees-defendants.

STATON, Judge.

Barbara J. Shoup, a former employee of Dolco Packaging, appeals from a decision of the Review Board of the Indiana Employment Security Division affirming the referee's denial of benefits under the Indiana Employment Security Act. Ms. Shoup raises four issues for this Court's consideration. Because of our disposition of the case, we will limit our discussion to only one issue. Did the Review Board err when it affirmed the referee's decision, which was based upon unsworn statements of unknown sources outside the record?

We reverse and remand.

The relevant facts indicate that Ms. Shoup was discharged on April 2, 1979 and, shortly thereafter, filed a claim for benefits. On May 15, 1979, a claims deputy of the Indiana Employment Security Division denied Ms. Shoup benefits and found she "was discharged for absenteeism after having received warnings." She then requested a hearing before a referee. At this hearing, Ms. Shoup appeared without counsel. Although duly notified, her ex-employer, Dolco, or its representative, failed to appear. On the same day as the hearing, the referee entered his decision which affirmed that of the deputy. Ms. Shoup then appealed to the Review Board which, without benefit of a hearing, entered its decision based on the record. It affirmed the referee's decision and adopted his findings and conclusions:

"The evidence in this case establishes that the claimant worked for this employer for a period of approximately twenty-five months, ending on April 2, 1979. The claimant operated a forklift on the third shift.

"The claimant was discharged by the employer because of an unsatisfactory attendance record. The evidence in this case establishes that the claimant received a verbal, written and work suspension due to an unsatisfactory attendance record. The evidence in this case establishes that the claimant was placed on a medical leave of absence during the month of January and part of February and upon returning from that medical leave of absence her absenteeism from work continued.

"When the claimant was absent three times in March 1979, and once in April of 1979, she was discharged by the employer.

"From the foregoing findings of fact, it is concluded by the referee that the claimant in this matter was discharged by the employer for a just cause. The continued absenteeism of the claimant after prior warning from the employer, indicates a disregard by the claimant of the employer's best interest."

Ms. Shoup argues that the only evidence which could have formed the basis of the Review Board's decision was hearsay. She contends that in making his determination, the referee took into consideration a document which was not in the record. The pertinent portion of the testimony is as follows:

"Q. At the time you were discharged, any reasons given?

"A. Absenteeism.

"Q. The employer has submitted previously, a document to the Division. 'Barbara was discharged for excessive absenteeism.' I'm reading from the document. 'She was given verbal warning in July of '78 for excessive absenteeism.' Do you recall that?

"A. Yeah. I had a question about that too.

"Q. 'Was given a written warning in August of '78 for failure to improve her attendance record.'

"A. Did it have improved? Because it went from 9.6% to 6.7.

"Q. 'She was suspended three days without pay in December '78 for the same reason.'

"A. And it had improved then, it had dropped to 5.0%.

"Q. 'She was granted a medical leave of absence January 4 through February 13th.'

"A. Uh-huh.

"Q. 'In March, she was absent on three occasions, due to illness. On March 29, 1979, she was given our final disciplinary step before discharge of one day off with pay.' And then you were absent again on April 2nd and therefore was discharged.

"A. No, I went home April 2nd, I went home sick.

"Q. You reported to work and then went home.

"A. Yeah, I went to work and stayed two and one-half hours and then went home.

"Q. You have a doctor's statement with you.

"A. Uh-huh.

"Q. We'll mark this as Claimant's Exhibit number one. And the reasons for these absences?

"A. Was sickness."

The referee never identified the document from which he was reading or the person, at Dolco, who prepared it.

▮ In reviewing a determination of the Review Board, we are limited to an examination of that evidence and the reasonable inferences drawn therefrom which support the Board's decision. *Cornell v. Rev. Bd. of Ind. Emp. Sec. Div.* (1979), Ind.App., 383 N.E.2d 1102. We must accept the facts as found by the Board unless its finding falls within one of the exceptions for which this Court may reverse. *Siddiqi v. Rev. Bd. of Ind. Emp. Sec. Div.* (1979), Ind.App., 388 N.E.2d 613. If the evidence upon which the Review Board based its conclusion is devoid of probative value, then reversible error has been committed. *Wil-*

*liamson Co. v. Rev. Bd. of Ind. Emp. Sec. Div.* (1969), 145 Ind.App. 266, 250 N.E.2d 612. By probative value, we mean evidence carrying the quality of proof and having the fitness to induce conviction. *Siddiqi, supra.*

The initial burden of proving misconduct consisting of absenteeism sufficient for dismissal with just cause rests with the employer. *Williams v. Rev. Bd. of Ind. Emp. Sec. Div.* (1977), Ind.App., 366 N.E.2d 712. The burden then shifts to the employee to produce evidence showing good cause for his absence. *Williams, supra.* In the case at hand, the employer, Dolco, failed to appear at the hearing or to send a representative. The only evidence as to Ms. Shoup's alleged absenteeism without just cause was the reading, by the referee, of an unidentified document and a Determination of Eligibility form which compiled "Circumstances of Case" information from yet other forms. There was no chance for Ms. Shoup to question, challenge or cross-examine any representative from Dolco.

Generally, the admission and exclusion of evidence is within the sound discretion of the hearing referee. *Cornell, supra.* He may consider all hearsay of whatever nature to which a timely objection by an interested party is not made. Indiana Administrative Rule and Regulation (640 IAC 1–11–3). Ms. Shoup was not represented by counsel. Despite this, a study of the record persuades us that she did take issue with the reading of this unidentified document. Admittedly, her objections were not couched in legal terms. There was no mistaking, however, the substance of her disagreement with the position presented by her absent ex-employer through the referee's reading of the document. In general, the proceedings before a referee are governed by the same rules of evidence and procedure as for civil causes. But these rules cannot be followed to such an extent as to obstruct or prevent a full presentation of fact or to jeopardize the rights of a party (640 IAC 1–11–3); *Cornell, supra.* We are persuaded that, in a layman's fashion, Ms. Shoup objected to the reading, by the referee, of the unidentified document.

An administrative agency's decision may not be based solely on hearsay evidence. *Cornell, supra.* Our Indiana Supreme Court in *C. T. S. Corp. v. Schoulton* (1978), Ind., 383 N.E.2d 293 addressed the question of whether or not an agency's action may be premised on hearsay alone. It reiterated the "Residuum Rule" which permits a board, in its discretion, to accept any evidence offered. However, the rule requires that there be a "residuum" of competent legal evidence to support the finding of the agency. *C. T. S. Corp., supra.* The court explained:

> "The Board can admit all hearsay evidence without fear of automatic reversal. If properly objected to at the hearing and preserved on review and not falling within a recognized exception to the Hearsay Rule, then an award may not be based solely upon such hearsay. But if not objected to, the hearsay (incompetent evidence) may form the basis for an award."

383 N.E.2d 296. Variations of the "Residuum Rule" have been adopted by a number of jurisdictions across the country. See Annot., 36 A.L.R.3d 12 (1971).

In order to obtain substantial justice, it must appear that there was no opportunity or possibility for any evidence, extraneous to the record, to have served as the basis upon which the determination of the Board was premised. *Jung v. Rev. Bd. of Ind. Emp. Sec. Div.* (1964), 136 Ind.App. 248, 199 N.E.2d 476. If reliance on such evidence is allowed, the claimant is deprived of the opportunity to observe the declarant's demeanor and to cross-examine him as to the truthfulness of his assertions. *Jung, supra; C. T. S. Corp., supra.* While we will give great deference to the findings of the Review Board and will not weigh the evidence, we cannot reasonably infer the requisite competent evidence to support the Board's finding.

Reversed and remanded for further proceedings not inconsistent with this opinion.

GARRARD, P. J., concurs in result.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

The majority opinion correctly stated that the "[referee] may consider all hearsay of whatever nature to which a timely objection by an interested party is not made." I have carefully studied the record in this case and I cannot find any statement made by the claimant which can be characterized as an objection to the referee reading from a document and asking questions as to the truth of such statements. Claimant clearly admitted in answers to referee's questions that she was given verbal warnings for excessive absenteeism; she was given written warnings; she was suspended and given a final disciplinary action of one day off with pay; that she was absent again and was discharged for absenteeism. This was clearly established by the claimant's responses which are set out in the majority opinion. Her explanation of the last act of absenteeism was stated by the claimant to be for reasons of sickness. Although she stated that she had a doctor's statement, the record clearly shows that no statement from any doctor was submitted for the April 2 incident.

Further, I do not believe that the evidence here in question can be classified as hearsay evidence. Hearsay includes written or verbal testimony of statements made out of court which is offered to prove the truth of matters asserted therein. *See: Simmons v. State* (1978), Ind.App., 371 N.E.2d 1316. Here, claimant's verbal answers to questions propounded by the examiner at the hearing serve as the basis of proving the truth of those matters, thereby removing the evidence from the realm of hearsay.

I would therefore affirm the Review Board's decision.