Albert RUSSELL, Appellant

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as members of and as constituting the Review Board of the Indiana Employment Security Division, and Labor Pool, Appellees.

No. 2–780A227.

Court of Appeals of Indiana, Third District.

Feb. 4, 1981.

Patricia Smith, L. Peter Iverson, Indianapolis, for appellant.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellees.

GARRARD, Judge.

Appellant, Albert Russell, appeals the decision of the Review Board of the Indiana Employment Security Division (Review Board), denying him unemployment benefits upon the ground that he voluntarily left his employment without good cause within the meaning of IC 22–4–15–1.

▮▮▮▮ Russell presents one issue for our review: Whether the Review Board's findings of fact are supported by sufficient evidence.[1] The Review Board's findings are an adoption of the findings of the referee in this matter, namely:

"FINDINGS AND FACTS: The claimant worked for this employer for part of the day of August 30, 1979. He helped unload a boxcar and earned $2.90 per hour. The next morning he returned to the labor pool office and waited for work. When none appeared, he left and never came back again."

Russell was on file as available for employment at the Labor Pool, a temporary help agency. He would report to the agency at six o'clock in the morning and he would then wait to see if there was any work available that day. The work assignments varied in time from one day to a week, and he was only paid for the time he actually worked. Russell appears to have sought and obtained work through the Labor Pool on a sporadic basis for at least nine months prior to his filing a claim for unemployment benefits.

The circumstances surrounding Russell's departure from employment with the Labor Pool are unclear. Due to the sparse and confusing testimony at the referee's hearing, and the fact that the Review Board's

findings must be based upon sufficient evidence therein, we set out below all relevant testimony of Russell's relating to his decision to no longer seek employment through Labor Pool. We note, additionally, that this comprises the entire testimony on the subject as the employer was not present at the hearing.

"Q. Are you presently employed, sir?

A. No, sir.

Q. Who was your last employer?

A. Steady work, you mean? Really. Indiana Fur Company.

Q. Did you work for a labor pool besides that?

A. I mean, I went . . . I left Indiana and went to the labor pool and worked just (inaudible) about a week or a day, or something like that, after I left the Indiana Fur.

Q. What did you do at Indiana Fur?

A. Porter and deliver.

Q. What did you do for labor pool?

A. That one day particularly . . . I worked for . . . I was in a boxcar unloading . . . (inaudible) well, some kind of . . . some kind of 100-pound bags . . . Put it that way.

Q. Okay. What date did you work for them?

A. Eight, let me see. (inaudible) I got to get my (inaudible) I guess he made it out, anyway I got the copy of that (inaudible).

VOICE: This doesn't say.

REFEREE: It don't. Four hours.

REFEREE: It doesn't give . . . Oh! Yeah. (inaudible)

CLAIMANT: Uh-huh.

"Q. What was your rate of pay?

A. $2.90.

1. It is well settled that in reviewing a decision of the Review Board one step in our analysis requires us to inquire into the nexus between the Board's findings of fact and the evidence presented to determine if the findings are supported by sufficient evidence. *Gold Bond Bldg. Products Div., etc. v. Review Bd. of the Indiana Emp. Sec. Div.* (1976), 169 Ind.App. 478, 349 N.E.2d 258, 263. In reviewing the evidence to support the Board's determination, the court will examine only that evidence and the reasonable inferences therefrom favorable to the Review Board's decision. *Cornell v. Review Bd. of the Indiana Emp. Sec. Div.* (1979), Ind.App., 383 N.E.2d 1102.

Q. Did you quit or were you discharged?

A. I would say went back no work. That goes on, you know, sometimes.

   \*     \*     \*     \*     \*     \*

Q. Okay. And you just left labor pool because they didn't have anything?

A. There wasn't no work, yeah. That's just temporary help, you know.

Q. Did you call back to them?

A. (inaudible) I report.

   \*     \*     \*     \*     \*     \*

Q. How many days did you report?

A. After I left Indiana? (Indiana Fur Company)

Q. Yeah. To the labor pool.

A. I mean about a day and a half. I believe about a day and a half after I left Indiana Fur (Company) I believe. Yeah, about a day and a half."

■ Entertaining all presumptions in favor of the Review Board's decision, we are unable to conclude that the Board's findings are supported by adequate evidence in the record. Indeed, the transcript of the referee's hearing is sufficiently unintelligible as to leave us questioning how any factual findings may be premised thereon. There is no reference to the date of August 30, 1979 in the hearing record. While there is testimony that Russell worked at some time for the Labor Pool unloading a boxcar for $2.90 per hour, the Review Board's findings as to the number of days involved and the sequence of events is unsupported by the evidence. We cannot discern with any reasonable degree of certainty that Russell reported for only one and a half days, working the first of them, and them failed to return to the Labor Pool thereafter.

■ Russell was not represented by counsel at the referee's hearing. Where this occurs, Employment Security Division regulations place a special duty upon the referee to insure that the unrepresented party's interests are protected, and that the case is fully presented. 640 I.A.C. 1–11–3[2]; *see also Walker v. Review Board of Ind. Employ. Sec. Div.* (1980), Ind.App., 404 N.E.2d 1363. A review of the hearing transcript leads us to conclude that the referee failed to fulfill this duty. The disorganized and vague nature of the questions posed, and the referee's apparent satisfaction with the unresponsive or unintelligible answers does not satisfy us that a complete presentation of the case was made.

■ We note that a review of the entire record before us suggests that the lack of detail and elaboration in the hearing record may rest upon the referee's reliance on information contained in Russell's Employment Security Division Determination of Eligibility form as a basis for his findings. This report, which is hearsay, was admitted into the record over the objections of both parties,[3] for the limited purposes of preserving their right to appeal and to establish the referee's jurisdiction. Any use of the information therein is improper as the referee himself precluded its consideration in admitting it for the very limited purposes stated above. *See generally Shoup v. Review Board of Ind. Employ. Sec. Div.* (1980), Ind.App., 399 N.E.2d 771.

We conclude that there is insufficient evidence in the record to sustain the Review Board's findings. Russell must be afforded the opportunity to fully present his case.

Reversed and remanded for further proceedings consistent with this opinion.

HOFFMAN, P. J., and STATON, J., concur.

---

**2.** 640 I.A.C. 1–11–3 provides in part:

"Where either party fails to appear or where either party is not represented by an attorney or duly authorized agent, it shall be the duty of the referee to examine such party's witnesses, and to cross-examine all witnesses of the other party, in order to insure complete presentation of the case."

**3.** No objection was made by Russell and the employer was not in attendance. Neither was the form offered by a party. The referee simply asserted *sua sponte* that he was admitting the form over the objections of both parties for the limited basis stated.