Billy C. FELDERS, Appellant
(Claimant Below),

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION
and U. S. Steel, Corporation, Appellees.

No. 2–1080A358.

Court of Appeals of Indiana,
First District.

April 15, 1981.

Blanca Bianchi De La Torre, Judith M. Haller, Legal Services Program of Greater Gary, Indiana, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

Claimant-appellant Felders appeals from the decision of the Review Board of the Indiana Employment Security Division which denied his unemployment compensation claim for the reason that his discharge from U. S. Steel was for just cause.

We affirm.

A review of the evidence most favorable to the decision shows that on June 24, 1979, Felders was a truck driver at the Gary plant of U. S. Steel. During that evening an emergency arose with the drivers, including Felders, being instructed regarding loading and unloading by their foreman, and that all empty trucks were to be taken to a certain warehouse. Later that evening the foreman saw Felders driving his truck toward the dispatcher's office and away from the route where the truck should have been. The foreman tried to stop Felders by flashing his lights, blowing a horn, yelling, and using his mobile radio. Shortly thereafter, the foreman learned over his radio that Felders was in the dispatcher's office using foul language. The foreman went to the dispatcher's office whereupon Felders vehemently refused to take the truck to the

warehouse as directed by the foreman. Felders also cursed the foreman and twice threatened to kill him. The foreman prepared a suspension slip which Felders refused, and subsequently, security officers had to remove him from the plant. During proceedings at the Referee's hearing, Felders was represented by the secretary of his local union.

The two issues raised by Felders questions whether the evidence was sufficient to support the Review Board's decision that he was discharged for just cause and whether he was denied procedural due process by not being advised that he had a right to appear by counsel at the Referee's hearing.

*Ind.Code* 22–4–15–1 (Supp.1979) provides that a disqualification from benefits exists if the employee is discharged from his employment for just cause. The above section at 22–4–15–1(4) further establishes that a discharge for just cause includes "refusing to obey instructions." Our standard of review of unemployment compensation cases was set forth in *Erwin v. Review Board of the Indiana Employment Security Division, et al.,* (1977) 173 Ind.App. 592, 364 N.E.2d 1189:

> "Initially we point out that generally the Review Board's decision as to all questions of fact is conclusive and binding on this court.... In reviewing the evidence to support the Review Board's determination we may not weigh the evidence and may consider only that evidence and the reasonable inferences therefrom most favorable to the Board's decision.... On appeal, we may only disturb the decision of the Review Board if reasonable persons would be bound to reach a different conclusion on the evidence in the record." (Citations omitted.)

173 Ind.App. at 597–8, 364 N.E.2d 1189. Refusal of an employee to dig a ditch when ordered is sufficient as a matter of law for the Board to deduce that the employee was discharged for just cause. *Graham v. Review Board of the Indiana Employment Security Division, et al.,* (1979) Ind.App., 386 N.E.2d 699. In *Graham,* the court said:

> "When the authority of those in whom the employer has confided responsibility for day-to-day operations is flouted by an employee's willful disregard of reasonable directives, just cause for discharge of that employee exists."

386 N.E.2d at 702.

■ Therefore, in accordance with our standard of review, and the evidence most favorable to the judgment recited in the statement of the facts, we are of the opinion that sufficient evidence exists to support the decision of the Review Board.

■ Felders's other issue asserts a denial of procedural due process in that he was not advised of his right to appear by counsel at the Referee's hearing. There seems to be no question that a claimant should be advised of this right. *Sandlin v. Review Board of Indiana Employment Security Division,* (1980) Ind.App., 406 N.E.2d 328. However, in order to secure a reversal because of a failure to advise a claimant of this right to counsel, there must be an affirmative showing of prejudice. *Foster v. Review Board of Indiana Employment Security Division,* (1980) Ind.App., 413 N.E.2d 618 (reversed on other grounds). The facts of this case do not reveal such a showing, nor was there any hint of an anemic hearing alluded to in *Sandlin.* The facts here do show that Felders was represented, in some degree, by a member of the local union at the Referee's hearing. In any event, the required showing of prejudice to Felders because of a lack of counsel is absent from the record.

Judgment affirmed.

NEAL, P. J., concurs.

YOUNG, P. J. (sitting by designation), dissents with opinion.

YOUNG, Presiding Judge, dissenting.

I dissent from the majority opinion on the issue of whether Felders' procedural due process rights were violated by the Review Board's failure to advise him of his right to representation by counsel at the Referee's hearing. In *Sandlin v. Review Board of*

*Indiana Employment Security Division,* (1980) Ind.App., 406 N.E.2d 328, the Fourth District held that due process requires a written notice be supplied to the claimant informing him of his right to appear by counsel. Unlike the majority, I do not believe a showing of actual prejudice should be required where a serious deprivation of basic procedural due process has occurred. *Doe v. Hampton,* (D.C.Cir. 1977) 566 F.2d 265, 277 n. 29 citing *Yiu Fong Cheung v. Immigration and Naturalization Service,* (D.C.Cir. 1969) 418 F.2d 460. Although the last paragraph of *Sandlin* might be thought to have required such a showing, I believe it merely demonstrated the serious consequences that followed the Review Board's failure to advise Sandlin of his right to counsel.

Because Felders was not notified of his right to representation by counsel at the Referee's hearing, I would, in the interest of justice, reverse the decision of the Review Board and remand for a new hearing.