Laura L. SOTAK, Appellant-Defendant;

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, and A. E. Staley, Appellees-Plaintiffs.

No. 2–181A30.

Court of Appeals of Indiana, First District.

July 1, 1981.

Peter W. Bullard, Dibble, Bullard & Bartlett, Lafayette, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana, Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees-plaintiffs.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Laura L. Sotak appeals from the decision of the Review Board of the Indiana Employment Security Division finding that she left her employment at A. E. Staley in Lafayette, Indiana, voluntarily and without good cause and denying her claim for unemployment compensation. We reverse and remand for a new hearing.

## STATEMENT OF THE FACTS

Sotak was employed by A. E. Staley from September 29, 1978, until September 25, 1980, in the mill house engaged in corn wet-milling. She contends she left her employment because of an adverse physical reaction to sulphur dioxide and because of harassment by her team coordinator. Her claim was denied by the Employment Security Division deputy. She appealed to the Appeals Referee, had a hearing where she appeared without counsel, and the Referee entered findings of fact and conclusions of law denying her claim for benefits on the ground she voluntarily left employment without good cause. An appeal was taken to the Review Board which entered a decision adverse to Sotak, adopting the following findings and conclusions of the Referee:

"FINDINGS OF FACT: The claimant was employed by this employer from September 29, 1978 through September 30, 1980. The claimant worked in the mill house and fox hole in corn wet-milling. The claimant was earning $8.93 per hour. The claimant gave the employer four week's notice, and her resignation was to become effective on September 30, 1980. The claimant left this employment because she suffers an adverse reaction to exposure to sulphur dioxide. In April of 1980, the claimant was hospitalized for a brief period of time due to overexposure. The claimant returned to work and was informed that she could not be transferred. The claimant also left this employment over alleged harassment from the team coordinator. Approximately a year and a half ago, the claimant was approached by this person who made sexual advances toward her. After this encounter, the person in question apologized and the matter was dropped. However, claimant continued to perceive harass-

ment and rumors about her. The claimant alleges that this person went out of his way to cause her problems at work. This person allegedly would use foul language toward her in front of other persons, and would unjustly give her disciplinary action. Claimant attempted to talk to the personnel manager in April of this year. No action was taken.

\* \* \* \* \* \*

"CONCLUSIONS OF LAW: I find that the claimant voluntarily left employment without good cause in connection with the work. The modification provision of Chapter 15[,] Section 1 does not apply because the claimant's alleged allergy or adverse reaction to sulphur dioxide was not medically substantiated to the employer. At the time of claimant's resignation she was not informed that her health required her to leave this employment by a doctor. The evidence establishes that the claimant was dissatisfied with working conditions in that she felt that she was the butt of several unjustified rumors about her. She also felt that she was being harassed with unfounded disciplinary action...."

Record at 25.

## ISSUES [1]

1. Whether there was reversible error in the failure to inform appellant of her right to counsel.

2. Whether there was sufficient evidence presented below to support the findings of the Review Board adverse to appellant.

3. Whether the findings of the Review Board support the decision of the Review Board adverse to appellant.

4. Whether the Review Board erred in failing to make specific findings of fact and conclusions of law as to all issues before it.

5. Whether the Review Board erred in failing to hold a hearing prior to its decision adverse to appellant.

Since we reverse on the basis of the first issue, we make no determination of the other issues.

[1]. We have renumbered the issues for the purposes of this opinion.

## DISCUSSION AND DECISION

■ Before discussing this issue, we note the Board has contended that this issue has been waived for failure to include it in the assignment of errors. The Board's position is in error. "[A]ll possible errors arguable before this court are necessarily embraced within an assignment that the award or decision is contrary to law, no other specifications are necessary or contemplated for the purpose of vesting review jurisdiction here." *McKinley v. Review Board of Indiana Employment Security Division,* (1972) 152 Ind.App. 269, 272, 283 N.E.2d 395, 396, *trans. denied* (1973).

■ This court has recently held in four separate cases that a claimant must be given written notice of his or her right to appear by counsel at the referee's hearing. *Leon-Roche v. Review Board of Indiana Employment Security Division,* (1981) Ind. App., 419 N.E.2d 801; *Felders v. Review Board of Indiana Employment Security Division,* (1981) Ind.App., 419 N.E.2d 190 (Young, P. J., dissenting); *Foster v. Review Board of Indiana Employment Security Division,* (1980) Ind.App., 413 N.E.2d 618, 421 N.E.2d 744; *Sandlin v. Review Board of Indiana Employment Security Division,* (1980) Ind.App., 406 N.E.2d 328. In *Leon-Roche* and *Sandlin,* the Fourth District of this court held that failure to give written notice of the right to appear by counsel was reversible error *per se.* In *Felders* and *Foster,* the First District of this court recognized the requirement of such a notice, but held a claimant must show prejudice resulting from the lack of notice to warrant reversal. We reaffirm our previous holding in *Felders* and *Foster,* and in this case, we believe the record sufficiently demonstrates prejudice to Sotak from the failure to notify her of her right to appear by counsel and the attending lack of counsel at the referee's hearing. We note, however, that a finding of prejudice will often not occur even though a claimant lacks counsel, because the referee has a duty to examine the claimant's witnesses and cross-examine opposing witnesses to

insure that the unrepresented claimant's interests are protected and that the case is fully presented. Ind.Admin.Rules and Regs. (Burns Code Ed.) (22–4–17–3)–1; *Russell v. Review Board of Indiana Employment Security Division*, (1981) Ind. App., 415 N.E.2d 774. In the present case, the referee failed to discharge that affirmative duty. Thus, we are left with an anemic record.

 Sotak testified at the referee's hearing that she was taken to the hospital emergency room and treated as a result of her exposure to sulphur dioxide. In response to inquiry if any medical report was furnished her employer, she stated that the hospital sent a "thing" to the employer. No further testimony was elicited from Sotak as to what information was made available to the employer by the hospital. In order to present this matter fully and adequately in Sotak's interest, counsel would have been expected to obtain discovery of what the employer's files contained relative to Sotak's medical problems and to obtain hospital records and medical evidence concerning physical problems associated with Sotak's exposure to sulphur dioxide in the course of her employment.

Further, Sotak testified that she talked to the personnel manager concerning transfer following her being treated at the hospital. Again, this matter was not pursued to determine whether or not transfer to a less hazardous job was indicated medically and whether or not such transfer was available, but refused. Also, the record reveals that Sotak's claims of harassment were not explored in any detail. Certainly counsel would have developed these matters. Thus, we are faced with a record showing only perfunctory discharge by the referee of the duty to present the case fully and protect the claimant's interest.

Unlike *Foster* where the referee did meet her responsibility, and *Felders* where the claimant was represented by a member of his local union, this case does show the anemic presentation of the claimant's case as in *Sandlin*. We therefore conclude that Sotak was indeed prejudiced by the failure

to advise her of her right to be represented by counsel at the Referee's hearing.

Judgment reversed and this matter is remanded to the Board with instructions that the claimant be advised of her right to be represented by counsel and that she be given a new evidentiary hearing before the appropriate agency.

NEAL, P. J., and ROBERTSON, J., concur.