**Larry FLICK, Appellant (Defendant Below),**

**v.**

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, As Members of and As Constituting the Review Board of the Indiana Employment Security Division, and Indiana State Highway Department, Appellees (Plaintiffs Below).**

No. 2–582A132.

Court of Appeals of Indiana, Fourth District.

Dec. 13, 1982.

Jane Schliesman, Susan A. Failey, Legal Services Organization of Indiana, Inc., Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

MILLER, Judge.

Claimant-appellant Larry Flick appeals from the denial of unemployment compensation by the Review Board of the Indiana Employment Security Division. The Re-

---

view Board adopted a referee's determination that Flick, a state highway employee, had been discharged for just cause after his driver's license (allegedly a necessity for his job) was suspended for one year for drunken driving. On appeal, Flick raises the following issues for review:

1. whether he was denied procedural due process by the referee's alleged failure to insure a full presentation of the case;

2. whether the decision was contrary to law and unsupported by the evidence.

Because we find the referee failed in her duty to insure a complete presentation of pro se claimant Flick's case, we reverse the decision of the Review Board and remand the cause for a new evidentiary hearing. Since our holding on this issue requires reversal, we need not discuss Flick's second assertion of error.

## FACTS

Flick was employed by the Indiana State Highway Department as a "maintenance III crew leader" when his driver's license was suspended for one year as a result of driving under the influence of intoxicating liquor.[1] Flick testified he continued with his duties for nine months after the suspension before he was dismissed. He also indicated his supervisors, including the previous subdistrict superintendent, were aware of the license suspension shortly after it occurred in April, 1981, and that they allowed him to carry on his employment. Although the testimony is fuzzy, it appears from the record that Jack Funkhouser, the present subdistrict superintendent, assumed his position some time in the latter part of the nine-month period during which Flick continued to work. Flick advised Funkhouser of the suspension at which time Funkhouser ordered Flick not to drive any state vehicles and immediately attempted along with Flick to obtain a hardship license. When they were unable to procure the hardship license, Funkhouser dismissed Flick on De-

cember 10, 1981, for the specific reason that he lacked a valid driver's license.

Flick then filed a claim for unemployment insurance benefits, pursuant to the Indiana Employment Security Act (Ind. Code 22–4–1–1 et seq.). When his claim was denied by a claims deputy on February 16, 1982, Flick demanded and received a hearing before an appeals referee, which was held March 2, 1982. After hearing testimony from Flick and Funkhouser, the referee entered findings of fact and conclusions of law in which she affirmed the deputy's determination concluding that Flick's dismissal had been for just cause for not meeting the requirements of the job. Flick then appealed to the Review Board, which adopted the referee's findings and conclusions and affirmed without a hearing. The instant appeal follows that decision.

*Due Process—Complete Presentation of Flick's Case*

Flick urges the referee improperly denied him procedural due process by failing to issue a full presentation of the case when he appeared pro se in violation of statutes, regulations and applicable case law governing eligibility determination for unemployment compensation. Specifically, Flick claims the referee neglected her duty to insure all issues were fully presented by her failure to cogently develop Flick's arguments regarding uniform enforcement, reasonableness and waiver of the job requirement involved herein. We agree.

Ind.Code 22–4–17–3 instructs that the referee shall affirm, modify or reverse the deputy's decision "after affording the parties a reasonable opportunity for fair hearing." The referee's duties in this regard are further explained in 640 IAC 1–11–3 which provides in pertinent part:

"Where either party fails to appear or where either party is not represented by an attorney or duly authorized agent, it shall be the duty of the referee to examine such party's witnesses and to cross-examine all witnesses of the other party

1. The record does not directly disclose whether the offense occurred on or off the job. However, we presume it occurred during off-duty

hours as the thrust of the hearing testimony dealt with Flick's lack of a driver's license rather than any on-the-job misconduct.

in order to insure complete presentation of the case."

Our review of the record in the instant case leads us to conclude the referee did not act to insure complete presentation of Flick's case at the review hearing.

First, we note the entire transcript of the hearing, excluding the exhibits, comprises a scant six and one-half pages of testimony. The referee briefly questioned Funkhouser and Flick regarding the latter's dismissal, then asked Flick if he would like to question Funkhouser, which he did. Under certain factual circumstances, a summary examination such as took place in the instant case might be considered an adequate presentation. However, our examination of the record discloses that the referee left too many pertinent questions unanswered and too many ambiguities unexplained. To illustrate the incomplete nature of the referee's presentation, we direct our attention to her development of the crucial issue of the case—whether or not driving was a requirement of Flick's job. Although the hearing officer asked the supervisor, Funkhouser, whether driving was a requirement (to which he answered in the affirmative) she never directly questioned Flick on this point nor, more significantly, did she inform herself of the official job description setting out the requirements. Neither did she make any attempt to explore how Flick was able to continue work for nine of the twelve months of his suspension if driving was indeed a requirement of his employment. Some of the testimony adduced at the hearing might lead one to speculate that Flick's supervisors ignored the license suspension and he continued to drive. However, no explanation was sought as to why they did so, if indeed this was their course of action. Further, Flick's testimony concerning his continued employment pointed to other possibilities—either that driving was *not* a

requirement of Flick's job or that Flick's supervisors (including Funkhouser's predecessor) had agreed to accomodate Flick's loss of license and to allow him to continue work in some other capacity where driving was not required.[2] It is impossible for this court to determine the true state of affairs on the basis of the record before us, however. The referee made no inquiry regarding why Flick was allowed to continue to work for an extended period of time after the license suspension nor did she inquire as to the precise nature and requirements of Flick's job. Thus, on the meager record before us, it is impossible to determine with any certainty whether driving was a necessary part of Flick's job description so that the referee could have reasonably concluded that his dismissal for failure to have a valid driver's license was a discharge for just cause under the meaning of Ind.Code 22–4–15–1.

The anemic state of the record before us convinces us that the referee did not fulfill the affirmative duty imposed on her by 640 IAC 1–11–3 to insure that Flick's case was fully presented. Her failure to seek out any of the pertinent details of circumstances surrounding his discharge, as well as her reluctance to pursue whether driving was a work requirement for a crew leader, lend support to our conclusion that Flick's hearing was inadequate. Under similar circumstances our court in *Sotak v. Rev. Bd. of Ind. Empl. Sec. Div.,* (1981) Ind.App., 422 N.E.2d 445 reviewed a referee's course of action in conducting a hearing which was held to determine whether a corn mill employee had voluntarily left work without good cause, the employee claiming she left because of harassment and because of an adverse physical reaction to work-related sulfur dioxide exposure. Critical to the decision were medical reports furnished to the employer, as well as hospital records and

**2.** Indeed, there was also testimony at the hearing which might lead one to conclude that driving was an *employer rule* rather than a job requirement since Funkhouser testified to the effect that all employees in his subdistrict were required to hold a driver's license (which class of employees presumably included clerical personnel). If this was the case, the referee was required by IC 22–4–15–1 to make findings that the rule was knowingly violated, was reasonable and was uniformly enforced. *See Frank v. Rev. Bd. of Ind. Empl. Sec. Div.,* (1981) Ind. App., 419 N.E.2d 1318.

other medical evidence. The referee's failure to discover the contents of such reports and records, along with a failure to explore details of the employee's assertions regarding harassment and denial of a transfer, led this court to conclude the claimant had not received a fair hearing. In arriving at its opinion, the *Sotak* court made the following observations regarding the referee's failure to discharge his duty to fully present the pro se claimant's case:

> "In order to present this matter fully and adequately in Sotak's interest, counsel would have been expected to obtain discovery of what the employer's files contained relative to Sotak's medical problems and to obtain hospital records and medical evidence concerning physical problems associated with Sotak's exposure to sulphur dioxide in the course of her employment.
>
> Further, Sotak testified that she talked to the personnel manager concerning transfer following her being treated at the hospital. Again, this matter was not pursued to determine whether or not transfer to a less hazardous job was indicated medically and whether or not such transfer was available, but refused. Also, the record reveals that Sotak's claims of harassment were not explored in any detail. Certainly counsel would have developed these matters. Thus, we are faced with a record showing only perfunctory discharge by the referee of the duty to present the case fully and protect the claimant's interest."

*Id.* at 448. *See also Sandlin v. Rev. Bd. of Ind. Empl. Sec. Div.,* (1980) Ind.App., 406 N.E.2d 328.

When a referee fails to afford a claimant with the opportunity to fully present his case, the proper course of action on appeal is a remand for a full evidentiary hearing. *Russell v. Rev. Bd. of Ind. Empl. Sec. Div.,* (1981) Ind.App., 415 N.E.2d 774.

The decision is therefore reversed and remanded with instructions that Flick be given a new hearing consistent with this opinion.

YOUNG, P.J., concurs.

CONOVER, J., concurs in result.