## MUNRO v JAKOVSEK

Ohio Appeals, ,8th Dist, Cuyahoga Co

No 16459. Decided Dec 13, 1937

Leo E. Rossman, Cleveland, for plaintiff-appellant.

Harry F. Glick, Cleveland, for defendant-appellee.

### OPINION

**By TERRELL, J.**

Plaintiff sued for services as physician. Defendant interposes as a defense to part of the bill the six year statute of limitations. The trial court held with the defendant upon his contention pertaining to the statute of limitations. The services were rendered by the physician as stated in the account attached to the petition, beginning March 12, 1931 and ending April 12, 1931. The itemization of these services show house calls at $3.00 each for practically every day of the intervening time. Suit was instituted on April 8, 1937. The trial court held that for all the items prior to April 8, 1931 no recovery could be had because they were barred by the statute of limitations.

In this holding the trial court probably followed the case of Courson v Courson, 19 Oh St 454, the first syllabus of which reads as follows:

"A right of action accrues on each item of an account at the time of its proper date; therefore the statute of limitations then begins to run against it, and an action thereon will be barred in six years, unless

**450**

it is taken out of the statute on some special ground."

Plaintiff contends, however, that because the agreed statement of facts in this case shows that the services were continuous from the first date thereof to the last date, that the items in the account antedating April 8, 1931, are saved from the bar of the statute of limitations by the items in the continuous service subsequent to April 8, 1931. Plaintiff argues that the physician was called to attend upon a case of pneumonia and that he continued his service until the termination thereof. That the amount of this service would be due only on the last date of said continuous service. Ordinarily we think the contention of plaintiff as above set forth would be maintainable but the difficulty with ▆▆▆▆▆▆ ▆ plaintiff's position is that the record of the evidence in this case does not disclose such an arrangement. It merely discloses an apparent statement of an account of thirty-one house calls at $3.00 each. Whether these house calls are for disconnected service or all in connection with the same ailment of pneumonia, we are not advised by the record nor are we permitted, in reviewing this case, to take the word of counsel for plaintiff therefor in his argument. If the claim of plaintiff had been for services to de-▆▆▆▆▆▆ ▆ fendant in administrations to him in a case of pneumonia, it could be fairly concluded that the amount would not be due until the physician had finished his services or been discharged from the case.

If that were the case before us plaintiff would be entitled to a reversal but that is not the case before us on the record and the decision of the trial court will be affirmed.

LEVINE, PJ, and LIEGHLEY, J, concur.