RHYNARD, APPELLANT, *v.* GOUBEAUX, EXR., APPELLEE.

(No. 787—Decided October 5, 1962.)

*Mr. Walter F. Rhynard,* for appellant.
*Messrs. Goubeaux & Goubeaux,* for appellee.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Darke County dismissing nine causes of action from the plaintiff's second amended petition after sustaining a motion to strike each of the causes of action.

The plaintiff, appellant herein, Walter F. Rhynard, an attorney at law, brought the action to recover for legal services

allegedly rendered to the defendant's decedent, Howard L. Foureman, during his lifetime.

The second amended petition contains ten causes of action, each of which refers by date to some particular legal service allegedly rendered to Mr. Foureman at various times during a period of almost eighteen years prior to his decease.

The defendant, appellee herein, moved to strike each of the first nine causes of action for the reason, among others, that the actions were barred by the statute of limitations. Thereafter, the trial court apparently treated the motion as a demurrer to each of the causes of action, sustained the same, ordered them dismissed, and entered judgment thereon for the defendant. At the same time, the trial court granted the plaintiff leave to file a third amended petition limited to the facts pertinent to the plaintiff's tenth cause of action.

Section 2305.07, Revised Code, provides:

"An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

Section 2305.08, Revised Code, provides:

"If payment has been made upon any demand founded on a contract, or a written acknowledgment thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time limited by Sections 2305.06 and 2305.07 of the Revised Code, after such payment, acknowledgment, or promise."

Section 2309.08, Revised Code, provides in part as follows:

"The defendant may demur to the petition only when it appears on its face that:
"* * *

"(I) The action was not brought within the time limited for the commencement of such actions;
"* * * *."

In view of the defendant's frequent references to earlier pleadings filed by the plaintiff, it should be noted that we are confined in our determination to the facts alleged in the second amended petition, because the filing of that petition constitutes an abandonment of the earlier pleadings. See *Grimm* v. *Modest*, 135 Ohio St., 275; *State, ex rel. Talaba,* v. *Moreland, Judge,* 132

Ohio St., 71; *Brown, Admr.,* v. *Rechel,* 108 Ohio App., 347. In the trial of a case, a plaintiff cannot escape from inconsistencies in abandoned pleadings (*Crawford* v. *Bohannon,* 110 Ohio App., 71), but a general demurrer will not reach said defects. *Ross* v. *Cincinnati Transit Co.,* 101 Ohio App., 81.

Turning, therefore, to the second amended petition, it appears that each of the nine causes of action was based upon a distinct and severable legal service rendered between June 1943 and July 1953.

The first cause of action claims $75 for services completed in June 1943; the second cause of action claims $75 for services rendered in December 1943; the third cause of action claims $75 for another legal service completed in December 1943; the fourth cause of action claims $3,000 for services completed in June 1947; the fifth cause of action claims $75 is due for services rendered in April 1947; the sixth cause of action prays for $75 allegedly due for services also rendered in April 1947; the seventh cause of action is for $75 for services completed in July 1947; the eighth cause of action claims $500 for services performed in April 1949; and the ninth cause of action claims $1,500 for services completed on July 29, 1953.

The present action was not commenced until January 1961, or more than six years after the accrual of the first nine causes of action.

But the plaintiff alleges in his second amended petition that the defendant's decedent was given credits from time to time for services rendered. Specifically, the plaintiff alleges that a credit of $26 was given to the defendant's decedent on his account in July 1947, for cultivating thirteen acres of corn; that the account was credited with $50 in June 1949, when the wife and daughter of the defendant's decedent milked cows for the plaintiff; that a credit of $32 was given in July 1954, for plowing and planting corn; that a credit on the account of $10 was granted to the defendant's decedent in August 1956, for helping to move household goods and furniture; that a credit was given for $25 in August 1956, for clerking a public sale; and that another credit on his account was granted to the defendant's decedent in January 1957, for moving wood from a fallen tree.

In the present case, it is significant that each cause of ac-

tion is based upon a severable and distinct legal service. Ordinarily, where an attorney's employment is regarded as being single and continuous, his claim for services is not subject to the running of the statute of limitations until the termination of the employment, the contract being regarded as an entire one, but where his services are severable and distinct, with no identifying continuity, the statute will begin to run on each service at the time it is rendered. See 60 A. L. R. (2d), 1017, Section 5. To the same effect, see 34 Ohio Jurisprudence (2d), 553, Section 79; *Munro v. Jakovsek*, 26 Ohio Law Abs., 449.

Assuming, therefore, that the alleged credits are susceptible of proof, it is nonetheless obvious that such credits, which in the aggregate total only $193, would not toll the running of the statute against all of the alleged causes of action. The credits claimed between July 1947, and October 1956, which total $143, could do no more than extinguish the alleged indebtedness of $75 referred to in the first cause of action and toll the running of the statute against the amount of $75 prayed for in the second cause of action.

But in the meantime, the statute of limitations became a bar to causes of action three, four, five, six, seven and eight. At that point, the only remaining causes of action were two, which had been tolled by periodic credits of less than six years, and nine, which did not mature until July 1953. Then, in January 1957, according to the plaintiff's second amended petition, the defendant's decedent was given a credit of $50.

Since this amount is substantially in excess of and extinguishes the amount claimed in the second cause of action, the balance would have to be applied to the account of July 1953, thus tolling the running of the statute against the ninth cause of action because that cause of action was the only one alive at that time. This conclusion is in conformity with the general rule that a credit upon an account after the cause of action on the same is barred by the statute of limitations will not be treated as part payment thereof, unless shown to have been so intended by the parties. *Kaufman, Admr., v. Broughton,* 31 Ohio St., 424; *Neitz v. Williams,* 60 Ohio Law Abs., 275.

The plaintiff contends that each of his ten causes of action was saved on the "theory of mutual accounts," but fails to point out specifically how this theory could be applied to the allega-

tions of his second amended petition. This contention has no merit.

However, in giving each cause of action set forth in the second amended petition every reasonable intendment as against demurrer, as we must, it is our opinion, as heretofore indicated, that the plaintiff should be granted leave to plead both his ninth and tenth causes of action rather than the tenth cause of action alone.

The judgment of the trial court will be, and hereby is, modified accordingly, and, as so modified, is affirmed.

*Judgment modified and, as modified, affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.