FARMERS STATE BANK, LAGRANGE, INDIANA AND SHIP-SHEWANA STATE BANK, SHIPSHEWANA INDIANA V. DEPARTMENT OF FINANCIAL INSTITUTIONS OF THE STATE OF INDIANA, CITIZENS BANK & TRUST OF LAGRANGE COUNTY, ET AL.

[No. 3-374A45. Filed October 12, 1976.]

*Henry C. Ryder, Daniel D. Johns, Roberts, Ryder & Rogers,* of Indianapolis, *LeRoy K. Schultess,* of LaGrange, for appellants.

*Theodore L. Sendak,* Attorney General, *Arthur M. Small,* Deputy Attorney General, for appellee Department of Financial Institutions, *Carl N. Lundberg,* of LaGrange, for appellee Citizens Bank and Trust of LaGrange County.

HOFFMAN, J.—Petitioners-appellants Farmers State Bank, LaGrange, Indiana, and Shipshewana State Bank, Shipshe-

wana, Indiana, appeal from the LaGrange County Circuit Court's judicial review[1] of the administrative decision of the Department of Financial Institutions of the State of Indiana (Department). The reviewing court affirmed an order of the Department granting the application of the Citizens Bank & Trust of LaGrange County (Citizens Bank) to organize a new bank in LaGrange, Indiana.

On appeal appellants contend that the reviewing court erred by failing to make special findings of fact, that there is no substantial evidence demonstrating "public necessity", and that the Department failed to observe the procedures required by law in approving the character and qualifications of the applicant Bank's proposed officers.

The record discloses that on August 9, 1972, Citizens Bank filed its application with the Department for incorporation of a bank. After a hearing on the application, the Department entered its "Findings of Fact" and "Separate Determination and Order" approving the application. Thereafter appellants filed a petition seeking a judicial review of the Department's order. On May 15, 1973, the reviewing court filed its findings of fact and order vacating the Department's order and remanding such action to the Department to make new findings of fact and an order based thereon.

On June 15, 1973, the Department filed its new findings and order with the court. Appellants then sought review of the new order. After a hearing, the reviewing court filed its written opinion affirming the order of the Department. Thereafter, appellants' motion to correct errors was overruled and this appeal was perfected.

Appellants first contend that the reviewing court erred in failing to make special findings of fact pursuant to Ind. Rules of Procedure, Trial Rule 52(A)(2). Such rule requires the court to "make special findings of fact without request *** in any review of actions by an administrative agency; ***."

---

1. IC 1971, 4-22-1-1 *et seq.* (Burns Code Ed.).

It further provides that "[i]f an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusion appear therein."

In the case at bar, the reviewing court filed its opinion but did not file separate findings of fact. Consequently our resolution of this issue is focused upon whether the opinion sufficiently complies with the finding of fact requirement.

In order to resolve this question, it is important to examine the nature and scope of the review proceedings. The function of the reviewing court is not to determine the facts *de novo* and come to its own conclusion. *Dept. of Financial Inst.* v. *State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248. Rather the reviewing court must examine the facts in light of the record. *Indiana Board of Pharmacy* v. *Horner* (1961), 241 Ind. 326, 172 N.E.2d 62. And, it may order the agency's decision to be set aside if it *finds* that the agency's decision is (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege or immunity; (3) in excess of statutory jurisdiction, authority or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. IC 1971, 4-22-1-18 (Burns Code Ed.). In the case at bar, the reviewing court structured its opinion setting forth its analysis and reasoning in support of its findings on such of the abovementioned grounds as were raised by appellants.

The underlying purpose of the rule requiring findings of fact by the reviewing court is to facilitate judicial review by enabling this court to more readily understand the reviewing court's view of the controversy without speculating as to the reviewing court's reasoning. *See, Kunz, et al.* v. *Waterman* (1972), 258 Ind. 573, 283 N.E.2d 371.

An examination of the opinion filed by the reviewing court discloses the basis and underlying grounds of its decision.

It must therefore be concluded that the reviewing court's opinion is sufficient to enable this court to intelligently review its judgment.

Appellants next contend that the court erred in finding that there was a public necessity for the organization of a new bank. Appellants contend that the evidence shows mere convenience rather than the required public necessity. Public necessity has been defined as a substantial or obvious community need in light of the attendant circumstances. *Gerst* v. *Nixon* (Tex. 1966), 411 S.W.2d 350; *Moran* v. *Nelson* (1948), 322 Mich. 230, 33 N.W.2d 772. It requires more than mere convenience but less than an absolute or indispensable need. *Gerst* v. *Nixon, supra; Moran* v. *Nelson, supra.* However, convenience may be properly considered when supplemented by facts and circumstances persuasive of necessity. *Gerst* v. *Nixon, supra; Moran* v. *Nelson, supra.*

The Supreme Court of Michigan, in addressing the requirement of necessity in *Moran* v. *Nelson, supra,* at 243 of 322 Mich., at 778 of 33 N.W.2d, quoted with approval from *State ex rel. Dybdal* v. *State Securities Commission* (1920), 145 Minn. 221, 176 N.W. 759, 760, as follows:

> "It (the governing statute) does not intend that one or more established banks may keep out another because the banking facilities sufficiently take care of the banking business. Its purpose is not to deter competition or foster monopoly, but to guard the public and public interest against imprudent banking."

The record discloses that LaGrange County is the tenth fastest growing county in Indiana. The growth rate was 20.2% between 1960 and 1970 whereas the growth rate for the State was 11.4% during the same period. The population density is 54.8 persons per square mile whereas the average population density for the State is 143.9 persons per square mile.

In comparison to other Indiana counties, LaGrange County has a higher than average birth rate and a lower than

average death rate. There are 4½% more people under 18 years of age in LaGrange County than in any of the neighboring counties.

The population of LaGrange County was 20,890 in 1970. The population for the City of LaGrange was 2,053. The projected 1980 population for the county is 25,401. The electric and telephone utilities have made substantial investments in anticipation of such growth.

In addition to such past and projected future population growth, there is also evidence of increased economic growth within the county. However, the average capital to deposit ratio for the three banks is below the average for the State. The loan to deposit ratio of the three existing banks from 1967 through 1971 is in the lower quartile as shown by the Bank Administration Institute's "Bank Financial Diagnostic Profile Based on 81 Banks."

There was also testimony that the existing bank of La-Grange did not currently provide trust services.

In the area of residential mortgage loans, the evidence discloses that of the 212 transactions constituting four-million dollars in real estate mortgages recorded in La-Grange County from January to April, 1972, the combined percentage held by the Farmers State Bank, Shipshewana State Bank and the State Bank of Lima was 49.7%. Appellants argue that such a statistic is not useful without reference to what the institutions might normally carry as a percentage of total mortgage loans or to whether the time period chosen is a representative period. However, such an argument is merely an attempt to have this court weigh an item of evidence. This we cannot do. *Indiana Alcoholic Beverage Commission* v. *Johnson* (1973), 158 Ind. App. 467, 303 N.E.2d 64 (transfer denied); *Department of Financial Inst.* v. *State Bank of Lizton, supra.* Moreover, Floyd Perkins, President of the Farmers State Bank, attempted to explain this statistic by stating that it fails to consider that "some real estate mortgages may have

been made by large city banks coming into the area." This would permit the Department to infer that loans are being sought outside the county.

There was further evidence that young married couples have difficulty obtaining loans and that the Farmers State Bank is reluctant to loan money to persons who themselves do not have a substantial down payment.

In the area of student loans, Richard Butt, a guidance instructor at Lakeland High School and an incorporator of the applicant bank, testified that the local banks do not extend the benefits of the Federally Insured Student Loan Program to students entering their freshman year of college and that if the same policy is extended to students entering vocational schools, who have recently become eligible to participate in the program, such gap in banking service could be further compounded. He further testified that the payout period for a federally insured loan may be 14 years, and that 1,700 to 1,800 students will graduate from high school in such period.

Phil Thompson, cashier of appellant Farmers State Bank, testified that Farmers State Bank has 83-85 student loans. He further testified that due to an unfavorable experience in which students were failing to repay such loans, they do not loan money to students unless the parents co-sign.

Floyd Perkins testified that even where they felt a freshman needed money to go to school they would not loan money to such individual if they knew the parents couldn't repay the note even if they co-signed. He further testified that all the student loans made by Farmers State Bank were made pursuant to the federally insured loan program, that under such program the bank did not lose any money, but that the delinquency ratio for repayment was high. However, he did not know what percent were failing to repay the loans.

Jean Younker, President of the State Bank of Lima, testified that such bank makes 25-30 student loans, but that they

limit such loans to "families of our customers, who have seen fit to come to us for other forms of business before they need a student loan."

To support the Department's determination that there is a public necessity for a new bank to encourage new business and industry, Donald Hart testified that the City of LaGrange was not keeping pace with LaGrange County growth nor with neighboring Shipshewana, that several businesses located in the community ten or more years ago, but that there had been no growth in the last four years.

There was further testimony that the local banks had not called upon businessmen at their place of business.

Floyd Perkins testified that although the Farmers State Bank does go out for loans "[i]f we know of a place a person is going to need a loan or we are already taking care of some small loans", the bank had not been in a position where it needed to go out and solicit loans.

Such evidence is sufficient to support the conclusion of public necessity in the areas of residential mortgages, student loans, and the encouragement of new business. The reviewing court did not err in finding the evidence supported such conclusion.

Appellant's final contention is that the reviewing court erred in finding that the Department did not act in excess of its statutory jurisdiction and without the observance of procedure required by law. Appellants contend that IC 1971, 28-1-2-22 and 28-1-2-26 (Burns Code Ed.), require a public hearing on the contents of the application and that such statutes do not vest the Department with the discretion to allow any particular applicant to omit the names of the proposed officers of the applicant bank. Appellants further contend that the Anti-Secrecy Act[2] prohibits the Department from keeping such information confidential.

2.  IC 1971, 5-14-1-1 *et seq.* (Burns Code Ed.).

In the case at bar, the application referred to the officers as "Subject 'A' " and "Subject 'B' " and briefly outlined their respective qualifications. During the hearing, Philip A. Bir, an incorporator of the applicant bank, stated that the individuals were not referred to by name because they were presently employed in banks. Appellee Citizens Bank then offered to enumerate such qualifications but stated that such would be submitted at a later time for the Department's approval. Appellants raised no objection whatsoever regarding the failure to disclose the names of the proposed officers, or to have evidence of the "character, * qualifications and experience"[3] of the proposed officers presented at the hearing.

The failure to raise an issue in the administrative proceeding precludes raising that issue for the first time on appeal. See, Fleming v. Pyramid Coal Corp. (1951), 122 Ind. App. 41, 100 N.E.2d 835 (transfer denied); Park Improvement Co. v. Review Board, etc. (1941), 109 Ind. App. 538, 36 N.E.2d 985. Appellants have therefore waived such issue.

Having found no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 355 N.E.2d 277.

---

3. IC 1971, 28-1-2-26 (Burns Code Ed.).