**Janet E. FOSTER, Claimant–Appellant,**

**v.**

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams, and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Animal Empire, Employer of Claimant, Appellees.**

No. 2–780A247.

Court of Appeals of Indiana,
First District.

Dec. 15, 1980.

Dennis K. Frick, Legal Services Organization of Ind., Inc., Muncie, for claimant–appellant.

Theodore L. Sendak; Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellees.

RATLIFF, Judge.

STATEMENT OF THE CASE

Janet E. Foster appeals the final decision of the Indiana Employment Security Division that she is not entitled to receive unemployment compensation.

We remand.

## STATEMENT OF THE FACTS

Janet Foster was employed at the Animal Empire in Muncie, Indiana, from January to September, 1979, as a dog groomer. She was paid a 60% commission for the dogs which she groomed. Because she was interested in becoming an assistant manager, Foster also worked 30–35 hours per week on the sales floor. She was paid $3.00 per hour for her work on the sales floor and was told that she could work the available sales–floor hours. No specific number of hours was set for her to work on the sales floor.

After approximately two months, the number of hours Foster worked on the sales floor was reduced until she was working only 5½ hours per week in September. The manager of Animal Empire hired other employees who worked the 25–30 hours that Foster had previously worked on the sales floor.

On September 5, 1979, Foster voluntarily left her employment at the Animal Empire. She applied for unemployment compensation benefits and on February 27, 1980, her application was denied by a deputy on the basis that she voluntarily left employment without good cause in connection with work. Foster appealed, and a hearing before referee Lourdes D. Alba was held in Muncie, Indiana, on June 3, 1980. Foster appeared *pro se* at the hearing and gave her reasons for leaving her employment:

(1) The hours she was allowed to work on the sales floor were reduced.

(2) The working conditions were bad and the employer failed to correct them after being requested to do so.

    (a) The employer brought sick dogs into Foster's groom room, causing an unfavorable health condition for the dogs she groomed.

    (b) The employer failed to keep adequate supplies for Foster and misused the supplies which she did have.

    (c) The employer failed to keep Foster's groom room clean.

(3) The employer improperly scheduled times for dogs to be groomed.

(4) The employer at times released dogs which Foster had not yet groomed.

The referee rendered her decision, and it was adopted by the Review Board. The Board's findings stated:

"FINDINGS AND CONCLUSIONS: The evidence shows the claimant worked for this employer for a period from January 31, 1979 to September 5, 1979 as an animal groomer. Her rate of pay was 60% commission on whatever she makes and if she would extend work on the floor she was given $3.00 per hour. The evidence also indicated that claimant had been offered by the employer to work on the floors and try to see whether she would like to work on the floors aside from being an animal groomer with a 60% commission. The claimant would work sometimes during the week 30 to 35 hours extra on the floor and aside from her commission she receives on the animals that were sent to the employer for grooming. The evidence also indicated that in view of the the lack of work the claimant's work on the floor was reduced to about 5½ hours. The claimant felt that the employer here had violated her right to work on the floor for more hours. Referee finds that there was no agreement that claimant would be guaranteed so many hours to work on the floor. The agreement between the parties were [sic] that claimant, if available and if work is available on the floor, she would be given the priority to work there. The referee finds that there is no violation on the part of the employer of any original hire conditions. The only original hire conditions existing between the parties is that claimant is guaranteed a 60% commission from the job that she was doing.

"From the foregoing findings it is hereby held that the claimant is held to have left work for personal reasons but not for reasons considered as good cause in connection with the work. Her separation from work therefore is not attributable to the employer within the meaning of Chapter 15–1 of the Act."

## ISSUES

Foster raises the following issues for our review:

1. Is there substantial evidence in the record to support the Review Board's conclusion that the claimant did not have good cause to quit her job?

2. Was Foster denied procedural due process by not being advised that she had a right to appear by counsel at the referee's hearing?

3. Did the referee fail to fulfill her duty of insuring a complete presentation of the case?

4. Did the Review Board fail to make sufficiently specific findings of fact?

## DECISION

Because of our decision to remand, we will discuss only issues two and four.

*Issue Two*

Foster contends that because she was not given any notice of her right to counsel at the hearing before the referee, this case must be remanded for a new hearing. She relies upon the case of *Sandlin v. Review Bd. of Ind. Employment Sec. Div.*, (1980) Ind.App., 406 N.E.2d 328, for this contention. The Review Board, however, contends that *Sandlin* is not applicable because it does not require the referee to admonish claimants of their right to counsel.

In *Sandlin*, a claimant was denied unemployment compensation benefits by the Review Board. At the hearing before the referee, it was discovered that Sandlin, who appeared *pro se*, could not read and had progressed only to the seventh grade in school. The referee then told Sandlin that he had a right to counsel which the referee believed to have been waived by Sandlin's *pro se* appearance. Since Sandlin could not read, he was advised by the referee to seek legal counsel if the decision was to go against him and he wanted to appeal it.

Upon appeal, Sandlin argued that he had a due process right to be informed of his right to counsel at the referee's hearing. This court agreed. *Sandlin* held that due process required "an administrative procedure reasonably calculated to inform a claimant of his right to appear by counsel" and that at least written notice is required. *Id.* at 333.

In reaching the result in *Sandlin* this court applied a three–prong test that had been prescribed in *Mathews v. Eldridge*, (1976) 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. We examined the individual's interest, the risk of an erroneous deprivation of this interest, and the government's interest. We concluded that the claimant's interest in unemployment benefits is substantial since they may be the sole means of support and that notice to the claimant of his right to counsel could be accomplished at little expense to the government. *Id.* at 332.

▮ As a result of our holding in *Sandlin*, Foster clearly has a due process right to notice of her right to counsel. The Review Board's contention that *Sandlin* does not require the referee to admonish the claimants of their right to counsel is correct; however, the record is devoid of any evidence that Foster was given notice of her right to counsel *at any time* in the proceedings.

▮ The Review Board further contends that Foster is not entitled to a new evidentiary hearing because she was not prejudiced by the failure of the Board to give her notice of her right to counsel.

Judge Chipman in *Sandlin*, did not expressly discuss the issue of whether failure to give notice requires automatic reversal or whether it requires the claimant to show prejudicial error. Our examination of the case, however, leads us to hold that a claimant who fails to receive the required notice must show that she was prejudiced by this error. We are cognizant of the fact that denial of unemployment compensation benefits can be a serious hardship on a claimant who relies upon them to purchase essentials such as food and housing. However, it is equally a hardship upon the Review Board to require a new evidentiary hearing in a case where the claimant presented his case fully and completely, but failed to receive any notice of his right to counsel.[1] Our

1. The failure of a claimant to have assistance of counsel at the referee's hearing is less likely to affect the presentation of his case than would similar circumstances in a civil or criminal suit

requirement of a showing of prejudicial error is not inconsistent with the holding of *Sandlin*, for Judge Chipman stated that, "[a]fter a review of the transcript of the referee's hearing, it is evident that Sandlin's presentation of his case was anemic; there is no doubt that an attorney could have better represented his interests." *Id.* at 333. Nor is our requirement inconsistent with the law in Indiana. It has been well established that in appeals from administrative determinations, as in appeals from trial courts, errors which are not prejudicial will not justify reversal. *Dept. of Financial Institutions v. Colonial Bank & Trust Co.,* (1978) Ind.App., 375 N.E.2d 285, *cert. denied,* 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979); *Ogilvie v. Review Bd. of the Ind. Employment Sec. Div.,* (1962) 133 Ind.App. 664, 184 N.E.2d 817.

In order for an error to be prejudicial, it must affect the substantial rights of the appellant, *Emison v. Henderson,* (1967) 141 Ind.App. 240, 227 N.E.2d 457, *trans. denied,* and the appellant must affirmatively show an erroneous, prejudicial ruling, for an appellate court will not indulge contrary presumptions to sustain appellant's alleged error. *Meeker v. Robinson,* (1977) Ind.App., 370 N.E.2d 392; *Kraft v. Himsel Stock Yards,* (1957) 127 Ind.App. 238, 139 N.E.2d 569.

Foster contends that she was prejudiced by the fact that she had no attorney at the hearing. She contends that she never directly addressed the critical issues of whether there was a condition of employment regarding the number of hours she. was to work and whether this condition was breached by the employer.

An examination of the record of the referee's hearing shows that Foster repeatedly stated she was told she would work available hours on the sales floor and not a specific number of hours. She also testified that the number of hours she did work was reduced because other people were hired to work on the sales floor. Foster explained her other reasons for leaving her job and was repeatedly asked by the referee whether she wanted to state anything else for the record. We feel this record shows that Foster explained completely and fully her reasons for leaving her employment. For us to hold that counsel would have been able to introduce further evidence which would have established her "good cause" for leaving her job would be a mere presumption on our part. That is clearly not our role in reviewing cases for prejudicial error. *Kraft v. Himsel Stock Yards, supra.* We, therefore, hold that *Sandlin, supra,* does require the Review Board to give notice to a claimant of his right to counsel; however, this case will not be remanded for a new evidentiary hearing since Foster has failed to show prejudicial error.

*Issue Four*

■ Foster contends that the Review Board failed to make sufficiently specific findings of fact since she listed several reasons for leaving her employment, and the Review Board's decision only discussed one of them.

It has been established in *Wolfe v. Review Bd. of Ind. Employment Sec. Div.,* (1978) Ind.App., 375 N.E.2d 652, that a quasi–judicial fact finding commission must specifically find the facts upon each element essential to support the award, and that failure to do so is cause for remand. Specific findings of fact are necessary upon review; otherwise the court would be usurping the authority of the Board if it were to assume that the Board had made findings of fact on certain issues but had merely failed to list them. *Id.*

In *Wolfe,* the appellant had been denied unemployment compensation benefits because he voluntarily left his employment without good cause. Wolfe had given eight reasons for leaving his employment, but the Review Board's decision did not discuss three of the reasons. This court remanded

since the referee has an affirmative duty to examine witnesses to insure the complete presentation of the case when a claimant appears without counsel. Ind. Admin. Rules and Regs. (Burns Code Ed.) (22–4–17–3)–1.

for specific findings of fact on these three reasons because if one of them constituted good cause, then the benefits were erroneously denied Wolfe. Thus, if an award is negative, the findings of fact should exclude every possibility of recovery. *Id.* at 656.

*Wolfe* is clearly controlling in this case. Just like Wolfe, Foster gave several reasons for leaving her employment, and yet, the Review Board failed to discuss several of them in its decision.

The Review Board, however, argues that *Wolfe* is not controlling because the comments by Foster about working conditions at the pet shop and the scheduling problems do not constitute material issues. The Board defines the material issue in this case as whether the claimant's termination of her employment due to her dissatisfaction with a reduction of available working hours constituted good cause.

We do not define the issue so narrowly. The issue for recovery in this case is whether Foster left her employment for good cause. The reasons advanced by her for quitting her job are material segments of this issue since they might be determined to constitute good cause. However, this determination is the function of the Review Board and not our function.

Therefore, this case is to be remanded to the Review Board for specific findings of fact upon reasons (2), (3), and (4) given by Foster for leaving her employment. The Review Board is further directed to enter its findings of fact upon said reasons (2), (3), and (4) and to certify to this court said findings within thirty (30) days from the date hereof, and the parties may file supplemental briefs after such certification within the time limits specified in Ind.Rules of Procedure, Appellate Rule 8.1. This court retains jurisdiction of the appeal for the purpose of disposition on the merits following compliance by the Board and the parties with the directions set forth herein.

ROBERTSON, P. J., and NEAL, J., concur.