Maria LEON-ROCHE, Appellant
(Claimant Below),

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as members of and as constituting the Review Board of the Indiana Employment Security Division, and Artistic Cleaners, Appellees.

No. 2–980A317.

Court of Appeals of Indiana, Fourth District.

April 27, 1981.

Blanca Bianchi De La Torre, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

CHIPMAN, Judge.

Maria Leon-Roche was discharged by her employer, Artistic Cleaners, for refusing to carry out the instructions of her supervisor. The Review Board of the Indiana Employment Security Division found she had been discharged for just cause and denied her request for unemployment compensation.

We reversed.

On appeal Leon-Roche has raised the following issues:

1. Whether the evidence and findings of the Review Board were sufficient to support the Review Board's conclusion that the Appellant was discharged for just cause.

2. Whether the Appellant was denied procedural due process by not being advised that she had a right to appear by counsel at the Referee's hearing.

3. Whether the Appeals Referee fulfilled his statutory duty to fully and fairly develop the facts relevant to Appellant's claim.

Due to our resolution of the second issue, we find it unnecessary to address the first and third issues.

### FACTS

The facts relevant to our disposition of this case are as follows. On May 23, 1980, Leon-Roche was discharged from her employment primarily for parking her car on the street in front of the cleaners ignoring her supervisor's directives to use the employee parking lot.[1] She filed her unemployment compensation claim on May 30, and it was denied by a Claims Deputy on June 17. Eight days later she filed a request for a hearing before an Appeals Referee. The hearing was held on July 22, 1980, and a decision against Leon-Roche was rendered on July 25. Subsequently, the Review Board adopted the findings and conclusions of the Referee.

### NOTIFICATION OF RIGHT TO APPEAR WITH COUNSEL

Citing *Sandlin v. Review Board of the Indiana Employment Security Division* (1980) Ind.App., 406 N.E.2d 328, Leon-Roche argues she was denied procedural due process by not being advised by the Indiana Employment Security Division that she could be represented by an attorney at the Referee's hearing. In response, the Review Board cites *Foster v. Review Board of the Indiana Employment Security Division* (1980) Ind.App., 413 N.E.2d 618, in which the First District of this court, in dictum, stated that a claimant, who was not notified of her right to appear with counsel, must show she was prejudiced by that omission before the Review Board's decision would be reversed due to that omission. Contending Leon-Roche was not prejudiced by being denied her Constitutional right to procedural due process, the Review Board asks us to affirm its decision. We decline to do so.

We are not persuaded nor do we feel bound by the dictum in *Foster*. In *Sandlin* we held a claimant "did have a due process right to an administrative procedure reasonably calculated to inform him of his right to be represented by counsel at the referee's evidentiary hearing." *Sandlin v. Review Board of the Indiana Employment Security Division*, 406 N.E.2d at 332. In *Foster*, the First District stated its examination of *Sandlin* led it to hold a claimant who fails to receive notice that she may appear with an attorney must show she was prejudiced by the error and said,

"It has been well established that in appeals from administrative determinations, as in appeals from trial court, (sic) errors which are not prejudicial will not justify reversal. *Dept. of Financial Institutions v. Colonial Bank & Trust Co.* (1978) Ind. App., 375 N.E.2d 285, *cert. denied*, 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979); *Ogilvie v. Review Bd. of the Ind.*

1. At the hearing she explained she parked her car on the street because the employee parking lot lacked adequate lighting and protection and her life had been threatened there once.

*Employment Sec. Div.* (1962) 133 Ind. App. 664, 184 N.E.2d 817."

*Foster v. Review Board of the Indiana Employment Security Division*, 413 N.E.2d at 621.

We agree this harmless error test is appropriate in reviewing some administrative errors, but we do not believe it should be applied to all administrative errors regardless of their nature. In the first supporting case cited in the above quote, *Colonial Bank*, the administrative agency failed to mail the notification of its decision by registered or certified mail and not within the 60 day time limit required, but the bank still received the notice and was able to bring its appeal. In *Ogilvie*, the court in fact held that no error had been committed and went on to say the disputed fact in question was not dispositive of the issue before them and therefore any error concerning that factual finding was harmless. We agree with the decisions in these two cases but we do not believe the errors alleged in these cases rise to the level of importance we are dealing with in the case at bar.

In the recent case of *Felders v. Review Board of the Indiana Employment Security Division* (1981) Ind.App., 419 N.E.2d 190, the First District, relying on *Foster*, reaffirmed its prejudicial error holding on this same issue. Judge Young, sitting by designation, in dissent, expressed his belief that a showing of actual prejudice should not be required before a reversal is granted where a serious deprivation of basic procedural due process has occurred relying on *Doe v. Hampton* (D.C.Cir.1977) 566 F.2d 265, 277 n.29 citing *Yiu Fong Cheung v. Immigration and Naturalization Service* (D.C.Cir. 1969) 418 F.2d 460. We agree. As stated by the Circuit Court in the latter case, "While there is limited room in administrative law for the doctrine of harmless error this must be used gingerly, if at all, when basic procedural rights are at stake." (footnote omitted). *Id.* at 464. The right of an unemployment compensation claimant to be notified of his right to be represented by counsel at the Referee's hearing is a basic procedural due process right.

2. The Review Board did not file a petition for rehearing in *Sandlin*.

*Sandlin* was decided three weeks prior to the Referee's hearing in this case,[2] yet the record discloses Leon-Roche was not notified of her right to be represented by counsel at the Referee's hearing in apparent disregard of our *Sandlin* decision. In *Sandlin* we suggested that the Indiana Employment Security Division include this notice on one of its forms that are supplied to claimants. We renew this suggestion.

This case is remanded to the Review Board for a new evidentiary hearing. The Review Board is ordered to notify Leon-Roche that she is entitled to be represented by counsel at the Referee's hearing.

YOUNG, P. J., and MILLER, J., concur.