**Richard M. JEAN, Appellant**
**(Claimant Below),**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams, and Paul T. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Domino's Pizza, Appellees.**

**No. 2–681A212.**

Court of Appeals of Indiana, Third District.

Dec. 15, 1981.

Jamie L. Weinberg, Jane Schliesman, Legal Services Organization of Indiana, Inc., Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee Review Board.

HOFFMAN, Presiding Judge.

Richard Jean is appealing the determination by the Review Board of the Indiana Employment Security Division which denied his unemployment compensation benefits based upon the finding that he refused an offer of suitable work without good cause. The issues presented by Jean for review are:

(1) whether the decision of the Review Board, that Jean had failed to accept

a suitable offer of work without good cause was unsupported by the evidence and contrary to law; and

(2) whether the failure to inform Jean that he had a right to be represented by counsel at the referee hearing was in violation of his right to procedural due process.

Since we are reversing the decision of the Review Board on its merits, we need not address the right to counsel issue. However, it cannot escape notice that the brief submitted by the State is totally void of any argument addressed to the merits of this case. In addition, the State concedes liability as to the procedural arguments raised by Jean and simply contends that this Court should remand this case to the Review Board.[1]

The evidence presented is undisputed. Jean was employed by Domino's Pizza to deliver pizzas until he wrecked his automobile in November of 1980. After leaving his employment at Domino's, Jean was employed elsewhere until he was laid off. Jean then began receiving unemployment benefits in February 1981. On March 6, 1981 Jean telephoned Domino's to inquire about a job opening. He was offered the same job he had held previously under the same circumstances. He did not accept the position because he did not have a car. The evidence is undisputed that a car was a necessary qualification for the position. As a result of not accepting this position, Jean's unemployment benefits were suspended.

Jean contends that the decision of the Review Board was unsupported by the evidence and contrary to law. We agree. The standard used by this Court in reviewing decisions of the Review Board is that the decision of the Board will only be dis-

1. This concession is unnecessary since the authority on the issue of right to counsel is split between the districts of this Court. *See Berzins v. Review Board of the Indiana Employment Security Division*, Ind.App., 427 N.E.2d 1121 (1981) (citing *Sotak v. Review Bd. of Indiana Employment, etc.* (1981), Ind.App., 422 N.E.2d 445; *Leon-Roche v. Review Bd., etc.* (1981), Ind.App., 419 N.E.2d 801; *Felders v. Review Bd. of Ind. Employment Sec.* (1981), Ind.App., 419 N.E.2d 190; *Russell v. State* (1981), Ind.App., 415 N.E.2d 774; *Foster v. Review Bd. of Ind. Emp. Sec. Div.* (1980), Ind. App., 413 N.E.2d 618; *Sandlin v. Review Bd. of Ind. Employment Sec.* (1980), Ind.App., 406 N.E.2d 328; *Walker v. Review Bd. of Ind. Employment Sec.* (1980), Ind.App., 404 N.E.2d 1363.

**6**

turbed if reasonable persons would be bound to reach a different conclusion on the evidence in the record. *Poort v. Review Bd. of Indiana Employment* (1981), Ind.App., 418 N.E.2d 1193. Based upon the uncontroverted evidence in the record which shows that the *sole* reason Jean did not accept the position with Domino's was because he did not have a car, and a car was a necessary qualification for the job, reasonable persons would be bound to reach the conclusion that he refused the offer with good cause.

The absurdity of the result reached by the Review Board is perhaps best summarized in the following quotation from Jean's brief:

"The suggestion that claimant must lose his unemployment benefits or accept a job which would require him to race on foot through the streets of Bloomington carrying a stack of rapidly deteriorating pizzas in his arms is as far removed from the purpose of the Act as the suggestion that a newly blind person must choose to either return to his previous employment as a proofreader or lose his unemployment compensation."

Brief of appellant at 16.

The decision of the Review Board is reversed.

Reversed.

GARRARD and STATON, JJ., concur.