Greg SWINGLE, Petitioner-Appellant,

v.

STATE EMPLOYEES' APPEAL COMMISSION, Respondent-Appellee,

Indiana School for the Deaf, Intervenor-Respondent-Appellee.

No. 1–383A65.

Court of Appeals of Indiana, First District.

Aug. 9, 1983.

Nelson G. Grills, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Mathew S. Scherschel, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant Greg Swingle (Swingle) was discharged from his position as a security officer at the Indiana School for the Deaf. He appealed to the State Employees' Appeals Commission (SEAC) under Ind. Code 4–15–1.5–1—4–15–1.5–6, and after an evidentiary hearing the appeal was denied. Thereafter he sought judicial review in the Marion Superior Court. After a change of venue, the appeal of SEAC's decision was denied by the Hendricks Circuit Court. The appeal to this court is from that ruling. All proceedings are governed by the Indiana Administrative Adjudication Act (IAAA) set forth under Ind. Code 4–22–1–1—4–22–1–30.

We affirm.

## STATEMENT OF THE FACTS

Swingle, a security guard at the Indiana School for the Deaf, was summoned at approximately 9:30 p.m. on April 28, 1980 from the guard shack to assist two other security officers in quelling a disturbance by students in a boys dormitory, who were protesting over the discipline of one of their members. After the dormitory had quieted down, the other two officers returned to the guard shack, but Swingle, upon discovering that his personal Bronco vehicle was bespattered with mucus and spittle, reentered the dormitory in search of the culprits. He was informed by the house parent that a student named John Todd, age 18, and others had been involved. At this point, the evidence is conflicting, and we recount only that evidence most favorable to support the Administrative decision.

Upon Todd's being accused, Swingle insisted that he clean the vehicle with paper toweling. Todd denied his complicity. Swingle grabbed off his hat and threw it. As the two descended the stairs from the

upper dormitory floor Swingle pushed Todd, and upon arriving at the door, Swingle pushed him through the door. A scuffle followed in which Swingle angrily pulled Todd by the hair, slapped and hit him, kneed him in the eye and groin, bent Todd over the hood of the Bronco with his arms pinioned behind him and pushed his head on the hood of the vehicle. The fracas ended when Swingle pulled Todd to the ground and both fell over a saw-horse barricade. Todd was scared and did not resist, but accepted the beating. Later he was taken to the school health center suffering from bruises, contusions, abrasions, bleeding, and a loss of a patch of hair. However none of the injuries were serious, and he returned to the dormitory. Throughout, Swingle was unable to communicate with Todd except by writing as Swingle had no facility in sign language.

Swingle was discharged pursuant to Ind. Code 16–7–13–4, by the superintendent of the Deaf School, the chief appointing officer of personnel, for engaging in child abuse and the demonstration of poor judgment which could have led to mob action by the students. The notice of dismissal indicated the superintendent felt that because of the incident Swingle's effectiveness as a security officer was compromised and his services would not contribute to the safety of the children. In upholding the dismissal SEAC found that Swingle's acts constituted "resident abuse and unreasonable force," and was just cause for dismissal. It found that the superintendent did not abuse his discretion.

Swingle's petition for judicial review alleged (1) that the findings and conclusions of SEAC were arbitrary and capricious and not in accordance with the law, and (2) the finding of SEAC was unsupported by substantial evidence. The appeal was denied.

### ISSUES

On appeal, Swingle presents the following issues, restated by us:

I. Error was committed in that he was not provided a proper transcript of the SEAC proceedings; and

II. The decisions of SEAC and the court were not supported by sufficient evidence for the reason that he was employed to maintain discipline and his acts were reasonable and not in violation of any law or rules of the school.

### DISCUSSION AND DECISION

*Issue I. Transcript*

Ind. Code 4–22–1–9 of the IAAA authorizes an agency to employ a stenographer or reporter to take evidence and matters at hearings. Ind. Code 4–15–1.5–6(c) empowers SEAC to make rules and regulations. SEAC promulgated rule 33 IAC 1–1–3(D) as follows:

"The evidence shall be taken in shorthand by a reporter *or* stenotypist, on a mechanical voice writer, *or* on a cassette recorder, and the notes, recorded discs, or recorded cassettes shall be preserved for one (1) year." (Our emphasis.)

The record here was taken on a cassette recorder operated by Bradley K. Kage, a hearing officer for SEAC, who certified the transcript in the original certification and by a supplemental affidavit to be a complete record of notices, pleadings, exceptions, motions, requests, papers, record and testimony and exhibits. That transcript was filed in court for judicial review. Though not raised in his petition for judicial review nor objected to at the hearing itself, Swingle challenged, by motion for summary judgment, the adequacy of the transcript for the sole reason that the record was not taken, prepared and certified by a "reporter" as provided by law. Although Swingle does not make any persuasive showing that such procedure as employed here is inadequate, we need not decide that for he has not preserved the issue.

Ind. Code 4–22–1–14 of the IAAA requires the verified petition for review to allege specifically in what manner the agency's determination was defective. Failure to do so results in a waiver of that issue. *Clarkson v. Department of Insurance,* (1981) Ind.App., 425 N.E.2d 203. Further,

failure to object to a procedure at trial or a hearing under the IAAA operates as a waiver of the issue. *Indiana State Highway Commission v. Indiana Civil Rights Commission,* (1981) Ind.App., 424 N.E.2d 1024.

■ Swingle also asserts there were 69 places in the transcript which recite "(inaudible)", indicating that the cassette recorder was not reliable. However, he makes no pretense that such inaudible portions were prejudicial to him. Nor did he file a petition with SEAC, the trial court, or this court to settle and correct the record for omissions under Ind. Rules of Procedure, Appellate Rule 7.2(C). The harmless error doctrine applies to judicial review of administrative hearings. *Indiana State Highway Commission, supra; Department of Financial Institutions v. Colonial Bank & Trust Company,* (1978) 176 Ind.App. 368, 375 N.E.2d 285 (timely notice); *Ogilvie v. Review Board,* (1962) 133 Ind.App. 664, 184 N.E.2d 817. An appellant has the burden of showing reversible error. *State Board of Tax Commissioners v. Oliverius,* (1973) 156 Ind.App. 46, 294 N.E.2d 646.

■ Since Swingle and his appellate counsel both attended and participated in the hearing they must be held to know of the manner of taking the record and any prejudicial omissions in the transcript. Swingle claims none. We have examined the transcript and no material omissions are apparent. Further, Swingle has waived the issue of the manner of taking the evidence by his failure to object and include the issue in the verified petition for review.

*Issue II. Sufficiency of the evidence*

■ In a judicial review of administrative decisions it is not the function of the reviewing court to determine the facts *de novo* and come to its own conclusion. The board, not the court, must weigh the evidence and determine any issue of fact. If any substantial evidence to support the finding of the board exists, the court may not disturb the board's decision. *Depart-*

*ment of Financial Institutions v. State Bank of Lizton,* (1969) 253 Ind. 172, 252 N.E.2d 248; *Farmers State Bank, LaGrange v. Department of Financial Institutions,* (1976) 171 Ind.App. 145, 355 N.E.2d 277; *Indiana Education Employment Relations Board v. The Board of School Trustees,* (1976) 171 Ind.App. 79, 355 N.E.2d 269. Under Ind. Code 4–22–1–14 of the IAAA, as relevant here, review is limited to the determination of whether the decision of SEAC was arbitrary and capricious, an abuse of discretion, supported by the evidence, or otherwise not in accordance with the law.

Swingle's assignment of errors alleges that the decision of SEAC and the court are not supported by the evidence because (1) he was employed for the purpose of maintaining discipline and his actions in carrying out his responsibility were reasonable, and (2) the evidence does not establish that his actions constituted a violation of any law or rules of the school or an unreasonable action on his part in imposing discipline under the circumstances.

Swingle argues that to satisfy due process an administrative decision must be in accord with previously stated, ascertainable standards, citing *Podgor v. Indiana University,* (1978) 178 Ind.App. 245, 381 N.E.2d 1274, a case involving in-state residence tuition classifications. He then argues that there was no evidence that he did not have authority to place Todd under control and return him to the Dean of Boys. He next argues that under the CHINS [1] statute, Ind. Code 31–6–4–3(a), neglect is predicated upon endangerment to physical and mental health which, he states, does not exist here. He then, alternatively, compares the activity to a policeman effecting an arrest, and argues, as in Ind. Code 35–44–3–3(1), the resisting arrest statute, that Todd had no right to resist arrest.

■ We cannot agree with the arguments. His assumption of the permissible inferences to be drawn from the evidence is erroneous. Swingle was not placing Todd under control to take him to the Dean of

---

1. CHINS stands for child in need of services.

Boys, nor was he arresting him for crime. Neither was this a proceeding on a CHINS petition. The evidence and permissible inferences reflect that Swingle was an angry man coercing Todd into cleaning spittle from the windshield of his personal vehicle and abused the boy in the process. The central underlying issue is Swingle's fitness and temperament to be a security officer, and the demonstration of his lack of fitness and bad judgment by his intemperate use of excessive and unreasonable force. Violation of rules and regulations are not involved.

Swingle also likens his position to that of a teacher, and correctly argues that a teacher has the right to administer corporal punishment and exercise physical force not only for the discipline of the offending child, but as an example to others. He cites *Indiana State Personnel Board v. Jackson,* (1963) 244 Ind. 321, 192 N.E.2d 740. That case held that a teacher stands *in loco parentis* to the child and has a right to administer reasonable physical punishment if done in a kind and reasonable spirit to obtain obedience, but such right does not extend to Cruel and excessive punishment. In *Jackson* the court held that the act of lightly disciplining a 14 year old girl at Muscatatuck without anger for abusiveness and disobedience was not such excess as to be grounds for discharge. We agree that similarities exist between Swingle's position and a teacher. Nevertheless, the facts in *Jackson* are wholly distinguishable from those in the case at bar. Assuming, *arguendo,* that Swingle as a security officer, had a right to use physical force reasonably, the finding here was abuse. We are of the opinion that the evidence supported the finding.

Swingle argues that on October 13, 1980, he was found not guilty of assault and battery by a Marion County Municipal Court. Such an acquittal is not determinative of this proceeding before an administrative body. Acquittal of an offense in a criminal trial does not render an issue in civil liability *res adjudicata. United Farm Bureau Family Life Insurance Company v.*

*Fultz,* (1978) 176 Ind.App. 217, 375 N.E.2d 601 (murder and the right to receive life insurance). Generally, the results of a criminal trial are not conclusive of a civil trial. *Hambey, Administrator v. Hill,* (1971) 148 Ind.App. 662, 269 N.E.2d 394. *See also Muscatatuck State School v. Derringer,* (1963) 244 Ind. 318, 192 N.E.2d 735.

Swingle next argues that certain findings of facts were erroneous. We do not feel it necessary to go into detail with each. Suffice to say, we have examined them and conclude that the findings were supported by the evidence, or if not, were immaterial to the conclusion that Swingle abused John Todd.

For the above reasons this cause is affirmed.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.